UNITED STATES of America, Plaintiff–Appellee,

v.

Welton BROWN, Defendant–Appellant.

No. 90–3304
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 2, 1991.

Virginia Laughlin Schlueter, Asst. Federal Public Defender, John T. Mulvehill, Federal Public Defender, New Orleans, La., for defendant-appellant.

Peter G. Strasser, Joseph F. Iuzzolino, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, JOLLY and JONES, Circuit Judges.

PER CURIAM:

Welton Brown was convicted and sentenced for bank robbery, in violation of 18 U.S.C. § 2113(a). He appeals the district court's decision to admit his lineup identification after he had been ordered to dye his hair. He also assigns error to the district court's decision that his sentence would be consecutive to any state sentence resulting from the same robbery. We affirm.

I.

A man, subsequently identified as the defendant Welton Brown, entered the First National Bank of Commerce in New Or-

leans. He handed bank teller Cynthia Raymond a note which demanded money and stated he had a gun. He also handed her a purple Crown Royal whiskey bag and demanded she place the money in it. Reaching into her teller drawer, she pulled out a brown paper bag instead, which served to signal another teller, Novita Hall, that she was being robbed. Hall activated the bank's surveillance cameras. Raymond placed a dye pack disguised as currency in the brown paper bag and handed it to Brown, who exited the bank.

Photographs were developed from the surveillance cameras. Federal Bureau of Investigation officers showed Raymond one of them. She positively identified the photograph as that of the robber. Brown was subsequently arrested by the New Orleans Police Department. He gave a written, voluntary confession to FBI agents in which he fully admitted to committing the robbery. Brown, who is 51 years old, also admitted that he dyed the gray hairs on his head black at the time of the robbery. At the time of his arrest, the gray portions had returned to his hair.

Brown was indicted for bank robbery in violation of 18 U.S.C. § 2113(a). The matter went to trial more than seven months after the commission of the crime. No identification of the defendant had been made by bank employees to that time. The district court denied Brown's motion to permit an in-court identification procedure at trial. Instead, the court ordered the government to conduct an out-of-court lineup procedure. The government moved the court to order Brown to dye the gray portions of his hair so as to return it to its state at the time of the robbery. The court granted this motion. Raymond and Hall both identified Brown in the lineup. Before trial commenced, Brown objected to the admission of this identification. The district court examined a photograph of all six men who appeared in the lineup and ruled that the lineup was not suggestive. The identification evidence was admitted, and Brown was convicted. The district court sentenced him to 240 months imprisonment, 3 years supervised release, and a $50 special assessment. The district court ordered this sentence to run consecutive to any sentences imposed on related charges pending in state court.

## II.

### A. Identification

Brown attacks the identification evidence three ways. He argues that the lineup was impermissibly suggestive, that forcing him to dye his hair violated his fifth amendment privilege against self-incrimination, and that this forced dyeing violated due process. Each of these claims lacks merit.

■■ Prior to trial, Brown objected to the introduction of the results of the out-of-court lineup, which we treat as a motion to suppress. *See United States v. Shaw*, 894 F.2d 689, 692 (5th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 85, 112 L.Ed.2d 57 (1990). When reviewing a trial court's ruling on a motion to suppress, we must accept the trial court's purely factual findings based on live testimony unless clearly erroneous or influenced by an incorrect view of the law. *United States v. Maldonado*, 735 F.2d 809, 814 (5th Cir.1984). The evidence must be viewed most favorably to the prevailing party, unless it is inconsistent with the trial court's findings or is clearly erroneous considering the evidence as a whole. *Id.*

■ The admissibility of identification evidence is governed by a two-step analysis: first, whether the identification procedure was impermissibly suggestive, and second, whether such suggestiveness created a substantial likelihood of irreparable misidentification. *Shaw*, 894 F.2d at 692. The district court, after examining several photographs of the men placed in the lineup and questioning counsel about their age and appearance, disagreed with Brown's contention that it was improperly assembled or otherwise suggestive. The photographs establish that the district court's factual conclusion was not clearly erroneous. This ends our inquiry into this procedure since we conclude that Brown's constitutional attacks are meritless.

■ In accord with Supreme Court rulings, we have held that the privilege against self-incrimination afforded by the fifth amendment applies only to evidence that is testimonial and communicative in nature, and not to evidence that is demonstrative, physical or real. *National Treasury Employees Union v. Von Raab*, 816 F.2d 170, 181 (5th Cir.1987) (citing *Fisher v. United States*, 425 U.S. 391, 408–09, 96 S.Ct. 1569, 1579–80, 48 L.Ed.2d 39 (1976)), *aff'd in part and vacated in part*, 489 U.S. 656, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989). The Supreme Court has held that the privilege does not prevent a defendant from being ordered to put on a particular piece of clothing, *Holt v. United States*, 218 U.S. 245, 252–53, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910), to give a blood sample, *Schmerber v. California*, 384 U.S. 757, 763–64, 86 S.Ct. 1826, 1831–32, 16 L.Ed.2d 908 (1965), to furnish a handwriting exemplar, *Gilbert v. California*, 388 U.S. 263, 265–67, 87 S.Ct. 1951, 1952–54, 18 L.Ed.2d 1178 (1967), to make a voice exemplar, *United States v. Dionisio*, 410 U.S. 1, 7, 93 S.Ct. 764, 768, 35 L.Ed.2d 67 (1973), or to participate in a lineup identification, *United States v. Wade*, 388 U.S. 218, 221–23, 87 S.Ct. 1926, 1929–30, 18 L.Ed.2d 1149 (1967). Circuit opinions indicate that a defendant may be compelled to wear a false goatee, *United States v. Hammond*, 419 F.2d 166, 168 (4th Cir.1969), *cert. denied*, 397 U.S. 1068, 90 S.Ct. 1508, 25 L.Ed.2d 690 (1970), to wear a wig, *United States v. Murray*, 523 F.2d 489, 492 (8th Cir.1975), or to shave for identification purposes, *United States v. Valenzuela*, 722 F.2d 1431, 1433 (9th Cir.1983). We have held that a defendant may be required to put on a stocking mask at trial to permit a witness to testify on the similarity of appearance in this condition to that of the masked robber. *United States v. Roberts*, 481 F.2d 892, 894 (5th Cir.1973). From these cases it is clear that compelling the defendant to return his hair to its dyed state at the time of the offense cannot be construed to compel him to testify against himself.

■ From these same operative facts Brown attempts to establish a violation of his due process rights. The basis for this argument is not clear. He appeals to considerations of fairness, as judged by whether the judicially compelled hair dying was such as to "shock the conscience" of the court. *See Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952). The Supreme Court has indicated, however, that "a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it...." *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). The cases cited above demonstrate that from a constitutional standpoint, a person may be compelled to exhibit or demonstrate physical characteristics, as well as to alter characteristics to approximate the appearance of the perpetrator at the time of the crime. From Brown's own admissions, the government had a basis in fact to know that he had altered his appearance at the time of the robbery. Because such a basis existed, the district court could properly order the defendant to dye his hair prior to his own requested identification procedure. Such order served to reduce the chance of misidentification, and acknowledged that the defendant has no right to disguise himself at the time of the crime, then refuse to do so again to confound identification. *See Valenzuela, supra*, 722 F.2d at 1434.

### B. Consecutive Sentences

Prior to imposition of sentence, the district court made the following observations:

The defendant was convicted of a bank robbery in which he told the teller he had a gun. I have looked into his background and find that this is his seventh conviction. He has a lengthy history of crimes of violence for which he has been jailed, all without any apparent change in his lifestyle, values or ways.

In my mind he is a dangerous person who does not show any desire to change. He could also be considered a career offender; although I have not, in fashioning my sentence, considered him to be one. For all of these reasons, in my

opinion, the defendant must receive the maximum sentence permitted by law.

Accordingly, the court imposed the statutory maximum sentence of 240 months imprisonment, which fell within the applicable guideline range. The court then stated:

> Now, because state charges are still pending against this defendant, I want the record to be clear that it is not my intention that this Court's sentence should or shall run concurrently with any state court sentence which might be imposed on the charges pending against him in state court.

Neither the government nor the defendant have informed us of the status of current state charges, if any, pending against the defendant.

■ Brown argues that the court acted contrary to the Federal Sentencing Guidelines when ordering him to serve his sentence consecutively, rather than concurrently, to any possible state sentence he may receive for the identical offense conduct. He relies on former § 5G1.3, which concerned conviction on counts related to unexpired sentences. That section stated:

> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law. U.S.S.G. § 5G1.3 (prior to amendment of November 1, 1989).

By its terms this former guideline would not have applied to the instant case. Brown was not a defendant serving an unexpired sentence. We note also that consideration of prior guidelines is inappropriate. Barring any *ex post facto* concerns, a district court must consider only the guidelines and policy statements that are in effect on the date the defendant is sentenced, not on the date the crime was committed. 18 U.S.C. § 3553(a)(4), (5); *see*

*United States v. Suarez*, 911 F.2d 1016, 1020–22 (5th Cir.1990); *United States v. Adeniyi*, 912 F.2d 615, 618 (2d Cir.1990). Although Brown robbed the bank on June 28, 1989, he was sentenced on April 18, 1990, well after the amendment to § 5G1.3 became effective.

■ While different in its application, current § 5G1.3 likewise deals with imposition of a sentence on a defendant already serving an unexpired term of imprisonment. That section now provides:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment. U.S.S.G. § 5G1.3 (as amended November 1, 1989).

We have previously discussed the effect of this amendment, which substantively changed, and did not merely restate or clarify, the prior version. *See United States v. Miller*, 903 F.2d 341, 348 (5th Cir.1990). Neither version of this guideline controls the issue Brown raises: whether a federal district court may prospectively forbid its sentence from being served concurrently with any sentence that may subsequently be handed down by a state court, even when the state proceedings arise from identical offense conduct.

■ It is well-established that a defendant may be prosecuted and sentenced by both federal and state governments if the defendant's criminal conduct violates the laws of each sovereign. *United States v. Wheeler*, 435 U.S. 313, 316–17 & n. 7, 98 S.Ct. 1079, 1082–83 & n. 7, 55 L.Ed.2d 303 (1978). Whether a sentence imposed should run consecutively or concurrently is committed to the sound discretion of the district court, subject to consideration of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b); *see United States v. Smitherman*, 889 F.2d 189, 191 (8th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990); *United States v. Wills*, 881 F.2d 823, 826 (9th Cir.1989); *United States v. Russell*, 905 F.2d 1450, 1457 (10th Cir.), *cert. denied,*

— U.S. ——, 111 S.Ct. 267, 112 L.Ed.2d 224 (1990). Title 18, United States Code, section 3584(a) provides in part:

> [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively * * *. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a).

All of these sentencing provisions indicate that the discretion exercised by the district court when determining whether to impose concurrent or consecutive sentences may consider subsequent sentences anticipated, but not yet imposed, in separate state court proceedings. Decisions from the Second and Ninth Circuits bolster this conclusion. *See United States v. Adeniyi,* 912 F.2d 615, 618 (2d Cir.1990) (federal sentence could properly be imposed consecutive to state sentence previously imposed and already served for identical conduct); *United States v. Burns,* 894 F.2d 334, 337 (9th Cir.1990) (federal sentence imposed consecutive to unexpired state sentence would be upheld "even if the two sentences had arisen out of the same transaction or occurrence").

The district court's statements, *supra,* demonstrate it considered the factors set forth in 18 U.S.C. § 3553(a):

> The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced;
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The district court was convinced that the defendant was a dangerous recidivist who should receive the maximum penalty of the law. The court did not abuse its discretion in determining that Brown's crime warranted a sentence consecutive to any sentence imposed in pending state proceedings.

### III.

The judgment of the district court is AFFIRMED.