**130**

Frank CARLSON, Petitioner,

v.

George BARTLETT, Superintendent, Defendant.

No. 92 Civ. 4693(VLB).

United States District Court, S.D. New York.

May 6, 1993.

Frank Carlson, pro se.

John J. Sergi, Richard E. Weill, Asst. Dist. Attys., District Attorney of Westchester, White Plains, NY, for defendant.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

Frank Carlson seeks a certificate of probable cause to permit his appeal from my denial of a petition for *habeas corpus* to proceed pursuant to Fed.R.App.P. 22(b). For the reasons which follow, I decline to grant the certificate at this juncture, without prejudice to a further application for such a certificate if justified after action is taken on a further petition Carlson has indicated he will file.

II

Carlson was convicted in state court on November 20, 1984 of robbery, burglary and unlawful imprisonment. His conviction was affirmed by the Appellate Division, Second Department on February 18, 1992, Dkt. No. 90–04686, 91–00163. He sought federal *habeas corpus* relief under 28 U.S.C. § 2254. By memorandum order of January 25, 1993, I denied the petition but deferred entry of judgment for 45 days thereafter to permit petitioner to seek reconsideration if justified. Petitioner filed a motion for reconsideration which I denied on March 4, 1993; one of his principal claims related to failure to call an alleged alibi witness; the affidavit of that witness submitted by petitioner was inadequate to permit final disposition based on the underlying merits (as opposed to mere inadequacy of the preparation) of petitioner's challenge to his conviction.

■ Petitioner filed a notice of appeal on March 24, 1993 and, as indicated above, now seeks a certificate of probable cause. In his application for the certificate, petitioner states that he "is in the process of securing" a further affidavit from the alleged alibi witness to support "a new filing" of a further *habeas* petition.

Delayed and successive *habeas* petitions are expressly made a subject of concern by

Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, a rule amended and hence adopted by Congress in Pub. Law 94–426, § 2(7–8), 90 Stat. 1335 (Sept. 28, 1976).

■ A further petition should not automatically become the basis of repetitious appeals. This would constitute a potential abuse of the appellate process comparable to that created by repetitious petitions at the district court level sought to be discouraged by Congress in Rule 9. Repetitious appeals from rulings on federal *habeas* brought by state prisoners are contrary to the objectives set forth in Fed.R.Civ.P. 1, sentence 2,[1] as well as the Judicial Improvements Act of 1990, Pub. Law 101–650, 104 Stat. 5089, particularly 28 U.S.C. § 473. Sequential appeals challenging the same conviction amount to a campaign of attrition of against state and local prosecutors who must constantly reacquaint themselves with closed cases.

Petitioner's election, pursuant to leave granted as set forth above, to submit a further affidavit from the alleged alibi witness and to refile a petition for *habeas* relief on the same basic grounds already asserted, is also the functional equivalent of a timely motion for reconsideration based on further findings, or for a new trial pursuant to Fed. R.Civ.P. 52(b) or 59. Under Fed.R.App.P. 4(a)(4) such an application causes any prior notice of appeal to be of no effect, and restarts the time period for filing a new notice as of the time of the entry of an order determining the motion for reconsideration or denying the motion for a new trial. Rule 4(a)(4) avoids simultaneous or overlapping consideration of the same issues at the district court and appellate levels, precisely the effect which would be created by granting Carlson's application for a certificate of probable cause at the present juncture.

III

Procedural rules are created for the purpose of permitting the courts to further the objectives of equal justice under law, and of granting relief where called for by constitutional or statutory provisions. They are intended to administer, and should be utilized as a means of administering, justice on the merits.[2] Were there convincing evidence of a miscarriage of justice, it would become my duty to search for an appropriate means authorized by the procedural system to permit prompt appellate consideration of the issues presented. I do not find any such evidence here. Hence I am not persuaded that I should invoke the flexibility always present in procedural structures[3] to bypass the procedures which ordinarily produce the most reliable and just results.

Guidance may be obtained in these respects from the Congressional definitions of grounds for interlocutory appeals under 28 U.S.C. § 1292(b). Petitioner's request for a certificate of probable cause to permit his appeal to proceed pursuant to Fed.R.App.P. 22 is analogous to a request for an order permitting an application for an appeal prior to final judgment under § 1292(b). That section permits the district court to issue an authorizing order only if "there is substantial ground for difference of opinion" concerning a controlling question of law, and "an immediate appeal ... may materially advance the ultimate termination of the litigation." I am unable to make any such finding in this case.

Petitioner's principal grounds for challenging his state court conviction have been discussed in greater detail in my memorandum orders dated January 25 and March 4, 1993 in this case.

One of those grounds was that petitioner's attorney prejudicially and improperly failed to call the alleged alibi witness James DiDomenzio. This presents a fact-intensive question to be reconsidered upon the filing of the

1. Fed.R.Civ.P. 1, sentence 2 states that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

2. See Fed.R.Civ.P. 1, quoted in N.1 *supra*.

3. See Fed.R.App.P. 2 authorizing the appellate court in the interest of "expediting decision, or for other good cause shown" to "suspend the requirements or provisions of any of these rules in a particular case on application of a party or its own motion" and to "order proceedings in accordance with its direction."

132

affidavit petitioner indicates he will file, and need not further be considered here.

 Another of the grounds was that the prosecution urged that an adverse inference be drawn from petitioner's election, permitted under state law, not to attend a hearing at which witnesses might have been present. I found no federal violation in that context because no federal constitutional provision provides immunity from observation of one's person or other physical characteristics. *United States v. Mara*, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973) (handwriting exemplars); *United States v. Dionisio*, 410 U.S. 1, 5–6, 93 S.Ct. 764, 767, 35 L.Ed.2d 67 (1973) (physical characteristics); *United States v. Brown*, 920 F.2d 1212, 1215 (5th Cir.), *cert. denied* — U.S. —, 111 S.Ct. 2034, 114 L.Ed.2d 119 (1991) (requiring suspect to be shaved prior to appearing in lineup); *Marsden v. Moore*, 847 F.2d 1536 (11th Cir.1988) (required display of scar), *cert. denied* 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988). While across the sweep of history some courts might have found a constitutional infraction on these facts, I do not find it probable that this would now occur.

Apart from the question of the presence of a substantial ground for difference of opinion, 28 U.S.C. § 1292(b) indicates that the probable impact on the litigation should be considered in authorizing an interlocutory appeal or its equivalent here. Even if the prosecutor's argument based on petitioner's decision to be absent from the state court hearing violated federal law, it would be necessary to consider whether any such error was harmless. See *Brecht v. Abrahamson*, — U.S. —, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Arizona v. Fulminante*, — U.S. —, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); see also Fed. R.Civ.P. 61; 28 U.S.C. § 2111.

There is nothing in the petition and I find nothing in the record to suggest that this matter rose beyond the category of a minor incident in the context of the trial. Petitioner makes no contention that the evidence was inadequate to support his conviction or that the court instructed the jury that it should consider petitioner's absence from the state

court hearing. The likelihood that the prosecutor's argument would have altered or affected the outcome appears nonexistent. In light of these circumstances, I cannot conclude that an exception to the inappropriateness of sequential appeals should be made; there is no probability that the prosecutor's isolated comment concerning petitioner's absence from a state court hearing would justify his release pursuant to any provision of the Constitution of the United States.

SO ORDERED.