**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 25, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50701
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES TREVAUGHN BLAKEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CR-479-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Trevaughn Blakey pleaded guilty to two counts of bank fraud and was sentenced to serve concurrent 36-month terms in prison, followed by concurrent five-year terms of supervised release. Blakey now appeals the district court's imposition of two consecutive 36-month prison terms following the revocation of his supervised release. He asserts that the sentence was unreasonable because it exceeded the advisory guideline range, because the district court did not adequately consider mitigating factors

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presented at the second revocation hearing, and because the court overstated the seriousness of his nonviolent criminal conduct.

Blakey has not established that his sentence was imposed in violation of law. The total 72-month term of imprisonment imposed upon revocation of Blakey's supervised release did not exceed the statutory maximum term of imprisonment that the district court could have imposed. See 18 U.S.C. § 3583(e)(3); United States v. Gonzalez, 250 F.3d 923, 925-29 (5th Cir. 2001). Additionally, the record reveals that the district court adequately considered the relevant 18 U.S.C. §§ 3553(a) and 3583 factors. Accordingly, Blakey's revocation sentence was neither "unreasonable" nor "plainly unreasonable." See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).

Blakey also contends that the district court erred in imposing the federal sentence to run consecutively to any not-yet-imposed state sentence. We have held that such a sentence is proper under 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3, (p.s.). United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991), abrogated on other grounds, United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006). Therefore, Blakey's argument is foreclosed. The judgment of the district court is thus AFFIRMED.