United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-11022
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS DEJESUS RIVERO-FORMOSO, also known as David Gonzalez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-10-ALL
--------------------

Before JOLLY, DENNIS, CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis DeJesus Rivero-Formoso (Rivero) appeals the 108-month sentence imposed following his guilty plea conviction for possession with intent to distribute more than 1000 kilograms of marijuana. Rivero asserts that the district court violated his Sixth Amendment rights by sentencing him based on more than 3000 kilograms of marijuana; he contends that he pleaded guilty to involvement with only over 1000 kilograms of marijuana. In addition, Rivero asserts that the district court exceeded its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authority by ordering his sentence to be served consecutively to any as-yet-undetermined state court sentence.

By rendering the Sentencing Guidelines advisory only, Booker eliminated the Sixth Amendment concerns that prohibited a sentencing court from finding all facts relevant to sentencing. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Thus, a sentencing court has the authority to find, by a preponderance of the evidence, all facts relevant to sentencing. See id. at 519.

After reviewing the district court's findings of fact for clear error and its application of those facts to the Guidelines de novo, we conclude that the district court did not violate Rivero's Sixth Amendment rights by sentencing him based on its factual finding that Rivero-Formoso was responsible for over 3000 kilograms of marijuana. See United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Rivero also contends that (1) the district court erred in assigning his base offense level because a conspiracy was not charged and no relevant conduct was attributed to him that warranted a sentence enhancement, and (2) the evidence was not sufficient to establish that 3000 kilograms or more of marijuana were seized because the Government did not separately weigh the packaging materials on the 455 packages of marijuana.

Rivero-Formoso's base offense level was set pursuant to U.S.S.G. § 2D1.1(a)(3) & (c)(3) based on the quantity of marijuana seized from him at the time of his arrest and not a quantity derived from a conspiracy or from relevant conduct. For purposes of sentencing, drug quantities may be estimated as long as the quantities are extrapolated from information bearing sufficient indicia of reliability. See United States v. Valdez, 453 F.3d 252, 267 (5th Cir), cert. denied, 127 S. Ct. 456 (2006). Rivero did not demonstrate by rebuttal evidence that the information concerning his drug quantity was inaccurate or unreliable. See United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002). The district court's findings, based on the presentence report and the testimony presented during the sentencing hearing, bore sufficient indicia of reliability and were not clearly erroneous.

Rivero asserts that the district court exceeded its authority by ordering his sentence to run consecutively to any as-yet-undetermined state sentence. Because Rivero raises this contention for the first time, review is for plain error only. Mares, 402 F.3d at 520. Rivero must show an "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (internal quotation marks and citation omitted). If these criteria are met, we may exercise discretion and notice the forfeited error but only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial

proceedings." Id. (internal quotation marks and citation omitted).

The district court has the authority to order a federal sentence to run consecutively to an undetermined state sentence. 18 U.S.C. § 3584(a); United States v. Brown, 920 F.2d 1212, 1216-17 (5th Cir. 1991), abrogated on other grounds by United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006)(determining that post-Booker review of challenge to consecutive sentences is for reasonableness, not for abuse of discretion). The district court specifically explained that the consecutive sentence adequately addressed the sentencing objectives of punishment and deterrence in addition to the factors set out in 18 U.S.C. § 3553(a). Rivero has not shown error, much less plain error. See Mares, 402 F.3d at 520.

Accordingly, the Government's motion for summary affirmance is GRANTED, the motions to dismiss the appeal and for an extension of time are DENIED, and the judgment of the district court is AFFIRMED.