IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-10851
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EMILIO NOYOLA, also known as Mili

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-75-13

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Emilio Noyola appeals his sentence following his conviction for conspiracy to distribute more than five kilograms of cocaine, more than 100 kilograms of marijuana, and more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Noyola asserts that the district court erroneously calculated the drug quantity attributable to him when determining his guideline range. He contends the amount of cocaine attributed to him by the presentence report (PSR), which the district court adopted, was not supported by the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testimony offered at trial and improperly inflated the amount of cocaine for which he actually was responsible.

The district court's calculation of drug quantity is a factual finding that is entitled to considerable deference and typically is reviewed for clear error. United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). In the instant case, however, Noyola failed to challenge the drug quantity attributable to him for sentencing purposes, so our review is for plain error. See United States v. Alvarado-Santilano, 434 F.3d 794, 795 (5th Cir. 2005), cert. denied, 126 S. Ct. 1812 (2006). As Noyola's fact-based argument that the PSR incorrectly calculated the quantity of cocaine involved in his offense could have been resolved by the district court if he had properly raised the issue there, Noyola has not shown plain error. See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995)

Noyola has not shown that the district court committed any error, plain or otherwise, in determining the drug quantity for sentencing purposes. Noyola did not present any evidence to refute the PSR's finding that he was responsible for more than 15 kilograms of cocaine, so the district court was entitled to adopt the PSR's estimated quantity without further inquiry. See Betancourt, 422 F.3d at 248. Furthermore, the quantity attributed to Noyola for sentencing purposes was independently supported by trial testimony that showed Noyola's participation in numerous drug transactions in which the total amount of cocaine exceeded 15 kilograms. Therefore, even if the district court had erred in sentencing Noyola based on the PSR's estimated quantity, Noyola has not shown that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 731-37 (1993).

Noyola also contends that the district court erred in imposing the federal sentence to run consecutively to any not-yet-imposed state sentence. Since the date of Noyola's sentencing, all pending state charges against him have been dismissed. Consequently, Noyola's challenge has been rendered moot. In any

event, we have held that such a sentence is proper under 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3, (p.s.). United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991), abrogated on other grounds, United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006). The sentenced imposed by the district court is AFFIRMED.