# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-10529
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS CORDOVA-SAAVEDRA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:07-CR-64-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Cordova-Saavedra pleaded guilty to illegal reentry after deportation and was sentenced to 75 months of imprisonment and three years of supervised release. He challenges the reasonableness of his non-Guideline sentence as well as the district court's order that the sentence be served consecutively to any sentence to be imposed in a case that was pending in state court. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Cordova-Saavedra was first deported from the United States in 1994. He re-entered the United States that same year. In 1998 he was discovered in the United States and prosecuted for illegal re-entry, for which he received a 70 month sentence. After serving his sentence, he was deported to Mexico a second time.

Cordova-Saavedra then returned to the United States in 2007, where he was again discovered by authorities. This third entry into the United States was the basis of the conviction in the present case. Cordova-Saavedra stipulated that he knew he was in the country illegally, waived indictment, and pleaded guilty to illegal re-entry. In addition to his prior conviction for illegal re-entry, Cordova-Saavedra had eight other prior convictions, some of which were for felonies. He also had five additional arrests that did not result in conviction.[1]

The probation office determined Cordova-Saavedra's base-offense level to be 8, pursuant to U.S.S.G. § 2L1.2(a). Pursuant to § 2L1.2(b)(1)(C), 8 levels were added because he had been previously removed subsequent to a conviction for an aggravated felony. After three levels were subtracted for acceptance of responsibility, his total offense level was 13. Based on a criminal history category of V, the applicable guideline range of imprisonment was 30-37 months. The district court adopted the findings in the PSR and sentenced Cordova-Saavedra to 75 months of imprisonment, an upward variance from the range of 30-37 months. The district court ordered that the sentence be served consecutively to any sentence to be imposed in a case that was pending against Cordova-Saavedra in state court.

---

[1] For at least two of the arrests, legal action was taken on the offenses in the form of pretrial diversion and issuance of a protective order, indicating that the charges were supported by some evidence.

## II. DISCUSSION

Cordova-Saavedra challenges the reasonableness of his non-guideline sentence as well as the district court's order that the sentence be served consecutively to any sentence to be imposed in a case that was pending against Cordova-Saavedra in state court.

### A. Reasonableness of Sentence

We review sentences for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 261 (2005). Sentences inside or outside the advisory guidelines range are reviewed under the abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007).

#### 1. Consideration of Prior Arrests

Cordova-Saavedra argues that his sentence is unreasonable because the district court improperly considered his prior arrests. He contends that the 18 U.S.C. § 3553(a) factors do not support consideration of an arrest record. Compare United States v. Jones, 444 F.3d 430, 434 (5th Cir. 2006), with United States v. Lopez-Velasquez, 526 F.3d 804, 807 (5th Cir.), cert. denied, 129 S. Ct. 625 (2008).

Cordova-Saavedra did not object to the district court's consideration of his prior arrests, relying instead on a general objection to the "reasonableness" of the sentence. His general objection did not serve the purpose of the objection requirement because it did not provide the district court the opportunity to address the perceived error. See United States v. Hernandez-Martinez, 485 F.3d 270, 272-73 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007); United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008). In the present case, an objection to the district court's passing reference to Cordova-Saavedra's arrests would have provided the district court the opportunity to explain to what extent, if any, it relied on those arrests in calculating the 75 month sentence. Having failed to provide the district court that opportunity, we will review for plain error. Id. To prevail on plain-error review, a defendant

3

must show a clear or obvious error that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993).

Under the plain error standard of review we need not decide in the present case whether arrests, standing alone, may be factored into a non-Guidelines sentence. The record as a whole indicates that it is not reasonably probable that the arrests resulted in a longer sentence for Cordova-Saavedra. See Jones, 444 F.3d at 436 (affirming Guidelines sentence where district court improperly considered prior arrests). During the sentencing hearing, the district court noted that Cordova-Saavedra had nine convictions, four of which were serious felonies, and five other arrests. It also noted that Cordova-Saavedra had a prior conviction in 1998 for illegal reentry for which he was sentenced to 70 months. But the district court did not rely on the arrests when explaining why the sentence of 75 months was warranted. Rather, the district court stated:

> Specifically the Court has considered the nature and circumstances of this offense and the history and characteristics of this defendant. I've also considered the need for this sentence to reflect the seriousness of this offense and to promote respect for the law. I believe this sentence needs to be greater than what was imposed back in 1998 for the same offense.

> Furthermore, the Court believes this sentence needs to afford adequate deterrence to this defendant and to protect the public from further crimes of the defendant. Again, I will note that he has nine convictions on his criminal record.

(Emphasis added). The record as a whole demonstrates that the district court based its 75 month sentence not on five arrests, but on Cordova-Saavedra's failure to be deterred by his prior 70 month sentence for the same crime and his nine prior convictions, some of which were felony convictions.

2. Consideration of Prior 70-Month Sentence

Cordova-Saavedra argues that the district court's sentence was substantively unreasonable because it applied its own minimum sentence for offenders who commit more than one offense of the same kind. His argument is

based on the district court's statement that "this sentence needs to be greater than what was imposed back in 1998 for the same offense." He contends that, in effect, the district court had defied Congressional policy and purported to establish a separate minimum sentence. He argues that the district court may not treat the defendant's prior sentence as a presumptive minimum.

Cordova-Saavedra's argument that the district court was in effect setting its own mandatory minimum as a general policy rather than choosing a sentence specific to Cordova-Saavedra is not supported by the record. The district court stated that it had considered the "history and characteristics of this defendant." The district court considered the need for the sentence to reflect the seriousness of the offense and to promote respect for the law. The district court stated that this sentence was needed to deter "this defendant" and to protect the public from further crimes of "the defendant." The district court emphasized Cordova-Saavedra's nine prior convictions as justification for the 75-month sentence. The one prior illegal reentry conviction cannot be viewed in isolation from the eight other prior convictions and the other stated reasons of the district court. The district court determined that this sentence needed to be higher than Cordova-Saavedra's prior sentence of 70 months on the basis of several factors specifically related to "this defendant."

Cordova-Saavedra also argues that the district court's conclusion that his sentence needed to be greater than his sentence for the same offense imposed in 1998 in effect subjected him to the sentencing regime that applied in 1998 and incorporated its flaws. He notes that the Sentencing Commission recognized that the pre-2001 Guideline gave defendants convicted of aggravated felonies with vastly different culpability a 16-level enhancement, resulting in disproportionate penalties. He argues that the district court failed to acknowledge this and that the district court's action in effectively reinstating this pre-amendment Guideline was unreasonable.

The guideline calculations under the former version of U.S.S.G. § 2L1.2 that led to Cordova-Saavedra's sentence of 70 months on his prior illegal reentry conviction are irrelevant. The prior 70-month sentence kept Cordova-Saavedra from committing any further crimes during the time he was incarcerated. After his release and deportation, Cordova-Saavedra again illegally reentered the United States and committed another crime, in addition to the new illegal reentry offense. It was not an abuse of discretion for the district court to conclude, considering Cordova-Saavedra's criminal history of nine prior convictions, and the § 3553(a) factors of deterrence, respect for the law, and protection of the public, that a sentence greater than 70 months was necessary to achieve those sentencing goals. See Lopez-Velasquez, 526 F.3d at 806-07 (affirming 72-month non-guideline sentence for illegal reentry defendant with two prior drug convictions, 11 arrests, and seven deportations).

B.    Consecutive Sentences

Cordova-Saavedra argues that, by ordering his federal sentence to run consecutively to any future state sentence, the district court improperly applied 18 U.S.C. § 3584(a). He concedes, however, that his argument is foreclosed by this court's precedent in United States v. Brown, 920 F.2d 1212, 1216-17 (5th Cir. 1991), abrogated on other grounds, United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006), which held that a federal court may impose a federal sentence to run consecutively to an as-yet-imposed state sentence. One panel of this court may not overrule the decision of a prior panel in the absence of en banc reconsideration or a superseding Supreme Court decision. United States v. Lipscomb, 299 F.3d 303, 313 n.34 (5th Cir. 2002). Cordova-Saavedra's argument is foreclosed by this court's holding in Brown.

III.  CONCLUSION

The sentence is AFFIRMED.