# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50240
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL VARGAS-SOLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-715-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Israel Vargas-Solis pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court imposed a within-guidelines sentence of 60 months and ordered the sentence to run consecutively to sentences not yet imposed in Vargas-Solis's pending state cases. On appeal, Vargas-Solis challenges the consecutive nature and reasonableness of his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). This reasonableness review employs a bifurcated process. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). First, we consider whether the district court committed procedural error. *Id.* If there is no such error, we then review the substantive reasonableness of the sentence for an abuse of discretion. *Id.* A sentence within the advisory guidelines range is presumed reasonable on appeal. *Id.*

Vargas-Solis contends that the district court committed procedural error by ordering his sentence to run consecutively to the sentences not yet imposed in his pending state cases. As Vargas-Solis concedes, this challenge is foreclosed by our precedent. *See United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). Vargas-Solis further contends that his sentence is substantively unreasonable because U.S.S.G. § 2L1.2 is not empirically supported and because his prior drug conviction was used to calculate both his criminal history and offense level. These arguments are likewise foreclosed by our precedent. *See Mondragon-Santiago*, 564 F.3d at 365-67; *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Vargas-Solis also contends that his within-guidelines sentence should not be afforded the presumption of reasonableness that attaches to a within-guidelines sentence on appellate review because § 2L1.2 is not empirically supported. This argument is foreclosed by our precedent. *See Mondragon-Santiago*, 564 F.3d at 365-67. Accordingly, the judgment of the district court is AFFIRMED.