**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2010

Lyle W. Cayce
Clerk

No. 10-50089
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY JONATHAN SALINAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-665-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Johnny Jonathan Salinas pleaded guilty to illegally reentering the United States following deportation and was sentenced to 27 months of imprisonment. *See* 8 U.S.C. § 1326. Salinas contends that the district court imposed a sentence greater than necessary in light of the sentencing goals set forth in 18 U.S.C. § 3553(a) and the sentence is, therefore, substantively unreasonable. Salinas maintains that, in setting a sentence, the district court failed to adequately account for his personal history and characteristics, such as the fact that he had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50089

resided in the United States since age two; speaks, reads, and writes English; considers the United States to be his home; and has family in the United States. Salinas additionally argues that the district court failed to recognize that he reentered the United States to rejoin his family who has since moved to Mexico, and that he required less deterrence than other offenders because he had previously only served short sentences in prison. Salinas additionally argued that the sentence imposed failed to provide him with educational or vocational training, medical care, or other correctional treatment.

Salinas argues that the lack of an empirical basis for § 2L1.2 precludes the appellate presumption of reasonableness, but he acknowledges that the argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S.Ct. 378 (2009).

The record reflects that the district court considered Salinas's arguments and the § 3553(a) goals in setting a sentence and determined that the sentence of 27 months of imprisonment best served those goals. *See Rita v. United States*, 551 U.S. 338, 347, 356 (2007). Salinas advances no persuasive reason for this court to question the application of the presumption of reasonableness or to disturb the district court's choice of sentence. *See Gall v. United States*, 552 U.S. 46, 51 (2007) (stating that "the fact that the appellate court might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court").

Salinas argues that the district court lacked authority to impose his sentence to run consecutively to a not-yet-imposed state court sentence, but acknowledges that this issue is foreclosed by *United States v. Brown*, 920 F.2d 1212 (5th Cir. 1991).

AFFIRMED.