# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 10, 2011

No. 10-10445
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMON WASHINGTON,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:08-CR-184-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Damon Washington appeals the sentence imposed following his guilty plea
conviction for bank robbery. He argues that his sentence is unreasonable under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the circumstances, that application of the career-offender sentencing guideline overstated the seriousness of his instant and prior robbery offenses, and that his personal characteristics and mental health condition warranted a downward departure or variance.

We review Washington's challenge to the substantive reasonableness of his sentence for abuse of discretion, because he preserved the issue in the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Because the court imposed a sentence within a properly calculated guideline range, it is presumptively reasonable on appellate review, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008), and Washington's assertions are insufficient to rebut that presumption, *see id.*; *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Accordingly, he has not demonstrated that the district court abused its discretion by imposing a sentence at the bottom of the range.

Washington also challenges the ruling that his federal sentence must run consecutively to an anticipated, but not-yet-imposed, state sentence. As Washington concedes, that argument is foreclosed by *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006), which remains binding precedent in this circuit. *See United States v. Setser*, 607 F.3d 128, 131-32 (5th Cir. 2010), *petition for cert. filed* (Nov. 2, 2010) (No. 10-7387).

The judgment is AFFIRMED.