**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

No. 10-11157
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DWAYNE ALLEN VALENTINE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-90-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dwayne Allen Valentine appeals his jury-trial conviction and sentence for bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a). Valentine was sentenced within the advisory Guidelines sentencing range of 210-240 months (the original upper end of the range, 262 months, was reduced to 240 months, the statutory maximum) to the statutory-maximum sentence of 240 months' imprisonment. He contends: the Government failed to produce sufficient evidence of intimidation to support his conviction; his sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11157

substantively unreasonable; and the district court erred by ordering his sentence to run consecutively with any sentence he might receive on his pending state-court charge.

For claiming the Government failed to establish intimidation, Valentine asserts there was insufficient evidence showing that an ordinary person could reasonably infer a threat of bodily harm. Along that line, he maintains he did not make any comments that could be construed as threats and his actions did not threaten bodily harm.

Because Valentine moved for judgment of acquittal at the close of the Government's case and at the close of evidence, he preserved his sufficiency-of-the-evidence claim. *E.g.*, *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000). Accordingly, the standard of review is "whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt". *Id.* (citation omitted).

Under 18 U.S.C. § 2113(a), the Government was required to establish beyond a reasonable doubt, *inter alia*, that Valentine took the money by intimidation. 18 U.S.C. § 2113(a); *United States v. McCarty*, 36 F.3d 1349, 1357 (5th Cir. 1994). In this context, intimidation "means to make fearful or to put into fear". *Id.* (citation and internal quotation marks omitted). For intimidation, the Government was required to show "an ordinary person in the teller's position would feel a threat of bodily harm from" Valentine's conduct. *Id.* (citation omitted). "Evidence that [Valentine's] acts did induce fear in [the teller] is probative of whether his acts were objectively intimidating." *Id.* (citation and internal quotation marks omitted). In that regard, the Government was *not* "required to show either an express verbal threat or a threatening display of a weapon". *Id.* (citation and internal quotation marks omitted).

Relevant evidence was that Valentine, *inter alia*: presented a note to a bank teller, informing her that he was engaged in a "bank robbery"; started

speaking louder; demanded money from the teller; leaned in towards her; told her which bills to give him; and repeatedly cursed at her.  The teller testified that Valentine's actions: frightened her; caused her to be shaky, sweaty, and her heart to start pounding; and made her fear for her life.  Accordingly, viewing the evidence in the light most favorable to the verdict, a reasonable juror could have found, beyond a reasonable doubt, that an ordinary person in the teller's position would have felt a threat of bodily harm from Valentine's acts.

For his substantive-unreasonableness claim regarding his sentence, Valentine contends the district court erred in balancing the 18 U.S.C. § 3553 sentencing factors in imposing 240 months' imprisonment.  Along that line, he maintains:  his advisory Guidelines sentencing range would have been 77-96 months' imprisonment without the career-offender enhancement; and he was not a career offender because, according to Valentine, his present offense was only legally, not actually, a crime of violence.

Although, post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Valentine does not present a procedural challenge to his sentence.  When, as here, the district court imposes a sentence within a properly-calculated Guidelines sentencing range, we accord great deference to the sentence and apply a rebuttable presumption of reasonableness.  *Gall*, 552 U.S. at 51.

Although Valentine's relatively nonviolent conduct was arguably a mitigating factor, his long series of prior convictions for serious offenses, interrupted only by a lengthy term of incarceration, was an aggravating factor.

3

*See United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006) (upholding upward deviation based on defendant's criminal record).  The district court properly balanced the mitigating and aggravating factors and determined that a sentence at the high end of the advisory Guidelines sentencing range was appropriate.  Accordingly, Valentine has failed to rebut the presumption of reasonableness attached to his within-Guidelines sentence.

Finally, Valentine maintains the district court's ordering his sentence to run consecutively with any sentence he might receive on his pending state-court charge (for making a terrorist threat to his girlfriend the day after the robbery) was prohibited by 18 U.S.C. § 3584 (permits concurrent or consecutive sentences in context of multiple sentences of imprisonment).  As Valentine concedes, this assertion is foreclosed by *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds*, *United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006), in which our court held a district court may order a term of imprisonment to run consecutively to a yet-to-be-imposed state sentence.  *See United States v. Setser*, 607 F.3d 128, 131-32 (5th Cir. 2010), *cert. granted*, 2011 WL 2297806 (13 June 2011) (No. 10-7387).  Although the Supreme Court has granted a writ of certiorari in *Setser*, we are bound to follow our precedent.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).

AFFIRMED.