# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2012

No. 11-10503
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDALL LADON CURRY,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-53-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Randall Ladon Curry appeals his conditional guilty plea conviction of being a felon in possession of a firearm. He contends that the district court erred in denying his motion to suppress the evidence seized from his vehicle following a traffic stop. He argues that the police officers did not have probable cause to stop his vehicle or to search its contents. Also, for the first time on appeal, he argues that the officers did not have probable cause to seize a firearm found in plain view because its incriminating nature was not immediately apparent.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When a district court denies a motion to suppress, we review its conclusions of law de novo and its findings of facts, including credibility determinations, for clear error, viewing the evidence in the light most favorable to the government. *United States v. Montes*, 602 F.3d 381, 384-85 (5th Cir.), *cert. denied*, 131 S. Ct. 177 (2010). We review arguments not raised during the suppression inquiry in the district court at most for plain error. *United States v. Baker*, 538 F.3d 324, 328-29 & n.1 (5th Cir. 2008).

The police officers who stopped Curry testified that they initiated the encounter after Curry committed a traffic violation and conducted a search because they smelled marijuana as they approached the vehicle. The district court did not clearly err in crediting their testimony over Curry's contrary statements or in err in determining that their statements proved probable cause to justify the stop and subsequent search. *See Whren v. United States*, 517 U.S. 806, 810 (1996); *United States v. McSween*, 53 F.3d 684, 687 (5th Cir. 1995). Curry's argument that the police lacked probable cause to seize his pistol lacks merit and does not establish error, much less plain error. *See Baker*, 538 F.3d at 328-29 & n.1.

Curry also argues that the district court erred by ordering that his sentence run consecutively to a yet-to-be imposed state sentence. Curry concedes that, at the time this appeal was filed, that argument was foreclosed by our decision in *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). The Supreme Court has now reached the same conclusion. *Setser v. United States*, No. 10-7387, --- S. Ct. ----, 2012 WL 1019970 (Mar. 28, 2012) (holding that it is within a district court's discretion to order that a federal sentence run consecutively to an anticipated state court sentence that has not yet been imposed). Accordingly, Curry's argument lacks merit.

AFFIRMED.