**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2012

Lyle W. Cayce
Clerk

No. 11-10434
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES WAYNE BRAMLETT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-191-1

Before JONES, Chief Judge, and JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Charles Wayne Bramlett pleaded guilty to one count of manufacturing counterfeit United States obligations, in violation of 18 U.S.C. § 471, and was sentenced to 33 months in prison. He now appeals, arguing that the district court erred by ordering that his federal sentence run consecutively to any sentence that might be imposed in pending state criminal cases. The Government has moved to dismiss the appeal based on a waiver contained in Bramlett's plea agreement, or for summary affirmance on the basis of binding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10434

circuit precedent.  Alternatively, the Government seeks an extension of time to file a brief.  Bramlett has not addressed the effect of the waiver provision on his pending appeal.

We need not reach the waiver issue because, as Bramlett concedes, his argument is foreclosed by *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006), in which we held that a district court may order a term of imprisonment to run consecutively to a yet-to-be-imposed state sentence. Despite Bramlett's arguments that *Brown* was incorrectly decided, *Brown* remains the law of this circuit.  *See Setser v. United States*, ___ S. Ct. ___, No. 10-7387, 2012 WL 1019970, **2-8 (Mar. 28, 2012).   Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's motions to dismiss and, alternatively, for an extension of time are DENIED.  Further, defense counsel is WARNED that failing to address a waiver-of-appeal provision in a reply after the Government has raised it wastes judicial resources and will invite sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).