# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2010

No. 09-11153
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

URIEL PALACIOS, also known as Youngster,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-267-4

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Uriel Palacios appeals the sentence imposed for his guilty plea convictions for money laundering and conspiring to possess with intent to distribute and to distribute more than five kilograms of cocaine. 18 U.S.C. § 1956(a)(1)(A)(i), (h); 21 U.S.C. §§ 841(a)(1), 846. Palacios was sentenced to concurrent terms of 240 months of imprisonment and three years of supervised release for the money laundering conviction and 360 months of imprisonment and five years of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release for the conspiracy conviction.  The district court ordered that the federal sentence run consecutively to yet-to-be imposed state sentences.

Palacios contends that the district court erred in applying U.S.S.G. § 2S1.1(a)(1) to calculate his offense level because conspiratorial liability cannot form the basis of the cross-reference.  In addition, Palacios argues that the cross-reference did not apply because there was no evidence that he laundered the proceeds of drug transactions in which he personally participated.  The objections Palacios raised in the district court would not have alerted the court to this claim of error.  *Cf. United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) ("To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction.").  Therefore, review is for plain error.

To show plain error, Palacios must show that the forfeited error is clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If Palacios makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).  We need not decide whether the district court erred in applying the cross-reference in § 2S1.1(a)(1) because any such error would not have been clear or obvious.  *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009), *cert. denied*, 2010 WL 390721 (June 21, 2010) (No. 09-8939); *see also United States v. Jackson*, 549 F.3d 963, 977 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 51 (2009).

Palacios also contends that the district court erred in attributing the full amount of the currency seized to him for purposes of calculating his offense level. The objections on which Palacios relies would not have alerted the district court to his argument that there was insufficient evidence he provided all of the currency seized.  *Cf. Neal*, 578 F.3d at 272-73.  Therefore, review is for plain error.

No. 09-11153

As a question of fact that was capable of resolution by the district court upon proper objection, the district court's finding that Palacios was accountable for all the currency seized cannot constitute plain error. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Even if this issue was susceptible to plain error, the district court was entitled to rely on the findings of the PSR, and Palacios has failed to show error, plain or otherwise, in this regard. *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009).

Palacios raises three additional arguments, which he acknowledges are foreclosed by our precedent, to preserve for further review. Palacios contends that the Government was not authorized under § 3E1.1(b) to decline to move for an additional one-level reduction for acceptance of responsibility because he refused to waive his appellate rights. Therefore, Palacios argues that the district court erred by failing to grant him the additional one-level reduction. In *United States v. Newson*, we held that a district court may not award a reduction pursuant to § 3E1.1(b) absent a motion from the Government and that the Government may decline to make such a motion if the defendant refuses to waive his right to appeal. 515 F.3d 374, 377-79 (5th Cir. 2008). Palacios also contends that the district court violated his Sixth Amendment rights because facts essential to determining the sentence were not alleged in the indictment, proved to a jury beyond a reasonable doubt, or admitted by him. We have consistently rejected this claim. *See United States v. Rhine*, 583 F.3d 878, 891 n.50 (5th Cir. 2009)(listing cases). Finally, Palacios contends that the district court erred in ordering his sentence to run consecutively to yet-to-be imposed state sentences. We rejected this claim in *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991), *overruled on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006), which remains binding precedent in this circuit. *See United States v. Setser*, 607 F.3d 128, 131-32 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.