**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-41238

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RAYMOND RAMIREZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

October 25, 2001

Before REAVLEY, HIGGINBOTHAM and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge.

Raymond Ramirez was convicted of distributing cocaine base and sentenced to 168 months imprisonment, a five year term of supervised release, a fine of $5,000 and a $200 special assessment. He now appeals that sentence. For the reasons below, we affirm the district court's sentence.

Pursuant to a plea agreement, Ramirez pled guilty to two counts of distributing cocaine base, a Schedule II controlled

1

substance.  The plea agreement provided that the parties were free to argue the applicability of relevant conduct information on Ramirez's alleged drug trafficking following his release from the Bureau of Prisons for his prior sentence in V-98-16.  Ramirez argues that his Sixth Amendment right to confront and cross-examine his accusers was violated because the district court erred in allowing the use of hearsay evidence of relevant conduct to increase his offense level under the sentencing guidelines.  "We review drug quantity determinations, as findings of fact, for clear error."  *United States v. Medina,* 161 F.3d 867, 876 (5th Cir. 1998) (citation omitted), *cert. denied,* 526 U.S. 1043, 119 S.Ct. 1344, 143 L.Ed.2d 507 (1999).

At sentencing, "[t]he district court may consider any information which has sufficient indicia of reliability to support its probable accuracy."  *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995) (internal quotations and citations omitted).  This includes findings regarding drug quantities that do not implicate *Apprendi*,[1] testimony of a probation officer and even hearsay.  *See generally United States v. Huskey,* 137 F.3d 283, 291 (5th Cir. 1998) (citations omitted).

Notwithstanding our prior holdings, Ramirez contends that we

---

[1] *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (other than fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt).

should reevaluate the admissibility of hearsay evidence at sentencing hearings in view of the United States Supreme Court's decision in *Lilly v. Virginia,* 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), which found that a defendant's right to confrontation during a trial was violated by the admission of the untested confession of a codefendant.  However, we decline to extend the holding in *Lilly* to the instant case as it is factually inapposite in that it addresses a defendant's right to confrontation during a trial and not a sentencing hearing.  "[A] defendant's confrontation rights at sentencing are severely restricted." *United States v. Rodriguez,* 897 F.2d 1324, 1328 (5th Cir. 1990), *cert. denied*, 498 U.S. 857, 111 S.Ct. 158, 112 L.Ed.2d 124 (1990).  "In determining the relevant facts at sentencing, the district court is not restricted to information that would be admissible at trial." *Vital*, 68 F.3d at 120.  In making factual sentencing determinations, a presentence report is considered reliable and may be considered by the trial judge.  *See United States v. Lghodaro,* 967 F.2d 1028, 1030 (5th Cir. 1992) (citing *United States v. Sanders,* 942 F.2d 894, 897-98 (5th Cir. 1991).

The evidence of relevant conduct contested by Ramirez and relied upon by the district court was contained in Ramirez's presentence report.  As Ramirez's only challenge to the reliability of the relevant conduct information is a claim of hearsay, we find no error by the district court.

AFFIRMED.