IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-11585
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS JOSE ORDUNO, also known as Jesse Orduno,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:00-CR-12-2

October 21, 2002

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Jesus Jose Orduno appeals his guilty-plea conviction and
sentence for: (1) conspiring to distribute, and to possess with the
intent to distribute, more than 100 kilograms of marihuana, in
violation of 21 U.S.C. § 846, and (2) possessing with the intent to
distribute, and aiding and abetting possession with the intent to
distribute, more than 100 kilograms of marihuana, in violation of

---

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2.

Orduno first contends that 21 U.S.C. § 841(b) is facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This argument is foreclosed by circuit precedent. *See Unites States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001); *United States v. Fort*, 248 F.3d 475, 482 (5th Cir.), *cert. denied*, 122 S.Ct. 405 (2001).

Orduno next asserts that his sentence was unconstitutional under *Apprendi* because the applicable guideline sentencing range was increased based on facts (obstruction of justice, being an organizer or leader in the offense, and amount by which the marihuana involved exceeded 100 kilograms) not alleged in the indictment or proved beyond a reasonable doubt. The record shows that Orduno's sentence did not exceed the statutory maximum applicable to the offenses alleged in his indictment. *See* 21 U.S.C. § 841(b)(1)(B)(vii), 846; 18 U.S.C. §§ 2, 3559(a)(2), 3571(b)(1) and (3), 3583(b)(1). The indictment allegation of "in excess of 100 kilograms or more of . . . marihuana" sufficed to invoke the 40 year maximum of section 841(b)(1)(B)(vii). *United States v. Moreci*, 283 F.3d 293, 299 (5th Cir. 2002). *Apprendi* does not apply to sentence enhancements that do not yield a sentence beyond the statutory maximum. *See United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000), *cert. denied*, 531 U.S. 1182 (2001); *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000), *cert.*

2

*denied*, 531 U.S. 1177 (2001). Orduno's *Apprendi* argument is therefore without merit.

Finally, Orduno argues that there was an insufficient factual basis to attribute 6,189.37 kilograms of marihuana to him for sentencing purposes. We cannot say, however, that the district court clearly erred in determining the drug quantity, as the determination was plausible in light of the record as a whole. *See United States v. Ramirez*, 271 F.3d 611, 612 (5th Cir. 2001); *United States v. Lowder*, 148 F.3d 548, 553 (5th Cir. 1998).

"As a defendant challenging the findings of the PSR, [Orduno] bears the burden of showing that the information in the PSR 'cannot be relied on because it is materially untrue, inaccurate, or unreliable.'" *United States v. Londono,* 285 F.3d 348, 354 (5th Cir. 2002). As part of the agreed factual resume, the parties stipulated that "on at least eight occasions," Orduno transported quantities of marihuana in moving boxes surrounded by recently purchased furniture and located in rented moving trucks and that, on one such occasion, 900 pounds of marihuana were involved. At sentencing, Federal Bureau of Investigation Special Agent Jerry Nau testified that based on his extensive analysis of cell phone records, moving truck rentals, furniture purchases, and information obtained from co-defendants and other sources, he was able to determine that Orduno made seventeen trips to transport marihuana and that all but two involved approximately 1,000 pounds of

3

marihuana.  Orduno's testimony claiming responsibility for a lesser quantity of drugs was insufficient to require the district court to conclude that Agent Nau's testimony was materially untrue, inaccurate, or unreliable.  *See United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991).

Furthermore, there is no merit to Orduno's suggestion that a district court should not extrapolate from concrete evidence to estimate a drug quantity.  In *United States v. Cabrera*, 288 F.3d 163, 171-73 (5th Cir. 2002), this court approved the use of a "multiplier" estimate, in which a known quantity involved in a particular occurrence is extrapolated to other occurrences, to make a sentencing determination regarding the number of immigrants smuggled on various trips.  As in *Cabrera*, 288 F.3d at 172, the evidence adduced in the instant case shows that the multiplier estimate was reasonably representative of the amount of marihuana sought to be determined.

The judgment of the district court is AFFIRMED.