United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-51163
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EDWARD TUBBS, also known as Michael Tubbs,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CR-69-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Tubbs was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. Tubbs appeals his sentence, arguing that the district court clearly erred in including the weight of the "bones" in the drug quantity attributed to him. Because bones, a byproduct of the methamphetamine manufacturing process, can be injected by users without separating the methamphetamine, bones constitutes a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mixture or substance containing a detectable amount of methamphetamine for purposes of the sentencing guidelines. See U.S.S.G. § 2D1.1, comment. (n.1). The district court did not clearly err in including the entire weight of the bones in the drug quantity attributed to Tubbs. See U.S.S.G. § 2D1.1(c), comment. (n.A); United States v. Ramirez, 271 F.3d 611, 612 (5th Cir. 2001).

Tubbs also argues that the district court erred in denying his request for appointment of an expert chemist to testify at the sentencing hearing. Tubbs failed to make the necessary showing to obtain appointment of an expert witness. See United States v. Patterson, 724 F.2d 1128, 1130 (5th Cir. 1984); see also Moore v. Johnson, 225 F.3d 495, 503 (5th Cir. 2000).

AFFIRMED.