United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-11389

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WANDA LAFAYE LEE

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
No. 4:05-CR-16-ALL

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Wanda Lafaye Lee was convicted of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1). She now appeals her conviction, arguing that the district court erred by: (1) not allowing her to present her justification defense to the jury and (2) considering hearsay statements at sentencing without allowing her to confront those

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

witnesses.

## I. JUSTIFICATION DEFENSE

**A.   Standard of Review**

The legal sufficiency of a proffered defense is a question of law and is reviewed de novo.  United States v. Tokash, 282 F.3d 962, 967 (7th Cir. 2002).  Before an affirmative defense, such as duress, may be presented to the jury, a defendant must present evidence of each element of the defense.  United States v. Posada-Rios, 158 F.3d 832, 873 (5th Cir. 1998) (citing United States v. Bailey, 444 U.S. 394, 415 (1980).

**B.   Analysis**

Lee contends that she submitted evidence supporting each element of a justification defense and that the district court violated her Fifth Amendment right to a jury trial by denying her the opportunity to present that defense to the jury.  On sufficient facts, the common-law defenses of duress and necessity can justify a violation of a firearms possession statute.[1]  See United States v. Panter, 688 F.2d 268, 272 (5th Cir. 1982).  That defense arises "where a convicted felon, reacting out of reasonable fear for the life or safety of himself, in the actual, physical course of a conflict that he did not provoke, takes temporary possession of a firearm for the purpose or in the

---

[1]  As noted in several cases, "[t]he proper name of this defense has . . . not been established."  United States v. Harper, 802 F.2d 115, 117 n.1 (5th Cir. 1986).

course of defending himself." Id. The defense protects a defendant "only for possession during the time he is endangered. Possession either before the danger or for any significant period after it remains a violation." Id.

To present a justification defense to a charge of § 922(g), a defendant must show that: (1) he was under an unlawful and "present, imminent, and impending" threat of death or serious bodily injury; (2) that he "had not 'recklessly or negligently placed himself in a situation in which it was probable that he would be [forced to choose the criminal conduct]'"; (3) he "had no 'reasonable, legal alternative to violating the law' . . .; and (4) that a direct causal relationship may be reasonably anticipated between the [criminal] action taken and the avoidance of the [threatened] harm." United States v. Gant, 691 F.2d 1159, 1161 (5th Cir. 1982) (internal quotations omitted).

A justification defense arises only when "there is a real emergency leaving no time to pursue any legal alternative." Posada-Rios, 158 F.3d at 874. Generalized testimony that a defendant was "afraid to stay at home and that she feared for her family's safety" was not sufficient evidence of an imminent threat. Id. at 875. Fear of future harm also does not satisfy the present, imminent, and impending threat requirement, United States v. Harvey, 897 F.2d 1300, 1305 (5th Cir. 1990), overruled in part on other grounds by United States v. Lambert, 984 F.2d 658 (5th Cir. 1993), even when the defendant has previously been

shot.  See United States v. Crittendon, 883 F.2d 326, 329 (4th Cir. 1989) (holding that although a defendant purchased a gun because he had been shot before, he was not entitled to a justification defense because the threat was not imminent).  The defendant must produce evidence that he "was in danger of imminent bodily harm at the moment he purchased and possessed the gun."  United States v. Harper, 802 F.2d 115, 118 (5th Cir. 1986) (emphasis added).

The imminence of the threat goes hand in hand with the availability of reasonable, legal alternatives.  A reasonable, legal alternative is "a chance both to refuse to do the criminal act and also to avoid the threatened harm."  Gant, 691 F.2d at 1163.  To establish no alternative was available, a defendant must prove "that he had actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefit of the alternative."  Posada-Rios, 158 F.3d at 874 (quoting Harper, 802 F.2d at 118).  These alternatives include notifying the police of the threats, taking other steps to prevent robbery, and leaving the purchase and possession of a weapon to a companion.  Harper, 802 F.2d at 118.  Furthermore, the no-reasonable-alternative inquiry is an objective one.  The defendant's subjective belief that no legal alternatives exist is not determinative.  Posada-Rios, 158 F.3d at 874.

Lee's proffered evidence did not establish any imminent threat of death or serious bodily injury.  Lee purchased the

-4-

firearm two days after her altercation with Trina Hart and Eddie Dickson. Her testimony indicates that she did not have contact with Hart and Dickson after the incident and that other threats were relayed by acquaintances. Those second-hand reports establish a future threat rather than an imminent one. See Harvey, 897 F.2d at 1305 (holding no imminent threat existed even though rival religious groups had engaged in shoot-outs and the defendant was threatened by members of a rival faction who wanted him to get out of town).

The proffered evidence also does not support Lee's contention that she had no other reasonable alternative to firearm possession or that the threats were so imminent she had no opportunity to call the police. Lee would have us believe that she exhausted all reasonable alternatives by going to the police, but that is not the case. Even though one officer may not have responded to her satisfaction, this is not a situation where repetitive attempts to contact police were futile. Additionally, Lee did not report the alleged threats or the suspicious vehicle driving by her home.

Because Lee did not satisfy her burden to produce evidence on each element of the justification defense, the district court did not err by not presenting the defense to the jury.

## II. CONFRONTATION RIGHTS AT SENTENCING

### A. Standard of Review

We review allegations of Confrontation Clause violations de novo. See United States v. Bell, 367 F.3d 452, 465 (5th Cir. 2004). Any errors are subject to harmless error analysis. See id.

**B.  Analysis**

The district court sentenced Lee to eighty-five months imprisonment and a three-year term of supervised release. Lee argues that the district court erred by considering the out-of-court statements of Hart and Dickson without allowing Lee the opportunity to confront those witnesses.

We have specifically held that the constitutional right to confrontation of witnesses does not apply during non-capital sentencing proceedings. United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999). "[A] defendant's confrontation rights at a sentencing hearing are severely restricted." United States v. Rodriguez, 897 F.2d 1324, 1328 (5th Cir. 1990). Because the sentencing court "'may consider any information which has sufficient indicia of reliability to support its probable accuracy,'" the district court may rely upon hearsay that was not admissible during the guilt/innocence stage of a trial. United States v. Ramirez, 271 F.3d 611, 612-13 (5th Cir. 2001) (quoting United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995)).

Lee argues that we should reevaluate our stance in light of the Supreme Court's decision in United States v. Mitchell, 526

U.S. 314 (1999).  However, we see nothing in that opinion which suggests our prior holdings in <u>Navarro</u> and <u>Ramirez</u> are incorrect.[2]  Thus, the district court did not err in considering Hart's and Dickson's statements without allowing Lee the opportunity to confront those witnesses.

### III. CONCLUSION

Lee's conviction and the sentence imposed are AFFIRMED.

---

[2]  Nor do we hold, as Lee also contends, that due process requires that Lee be given the right to confront and cross-examine witnesses during sentencing because that right is extended to parolees/probationers at revocation proceedings. <u>See</u> <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972);  <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 782 (1973).  That requirement has not been extended to sentencing hearings.  In fact, earlier Supreme Court precedent states that due process does not require that a "sentencing judge . . . be denied an opportunity to obtain pertinent information" as a result of "rigid adherence to restrictive rules of evidence properly applicable to the trial." <u>Williams v. New York</u>, 337 U.S. 241, 247 (1949).