IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-60080
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTHONY S. PETERSON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:06-CR-91-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Anthony S. Peterson appeals the sentence imposed following his guilty-plea conviction for possession of child pornography through interstate commerce by means of a computer. See 18 U.S.C. §§ 2252A(a)(5)(B) & 2256(8)(A). He argues that the non-Guidelines sentence imposed by the district court was unreasonable, that the district court erred in relying on hearsay evidence to sentence him outside of the Guidelines, and that the hearsay evidence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreliable. Finally, he argues that the district court gave undue weight to certain factors when imposing his sentence, failed to consider the advisory guidelines, and failed to consider whether the sentence would avoid sentencing disparities amongst defendants.

Following United States v. Booker, 543 U.S. 220 (2005), a non-Guidelines sentence is ultimately reviewed for unreasonableness. United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Prior to imposing a non-Guidelines sentence, the district court must calculate the correct guidelines range, consider it as advisory, and use it as a frame of reference. United States v. Mejia-Huerta, 480 F.3d 713, 721 (5th Cir. 2007), petition for cert. filed (Apr. 18, 2007) (No. 06-1381). In addition to using the "appropriate Guideline range as a frame of reference," the sentencing court "must more thoroughly articulate its reasons when it imposes a non-Guideline sentence than when it imposes a sentence under authority of the Sentencing Guidelines." Smith, 440 F.3d at 707. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." Id. at 708.

The district court in this case recognized the advisory guidelines range and used it as a reference. Moreover, the district court gave many detailed reasons for imposing the non-Guidelines sentence and, in doing so, specifically referenced the § 3553(a) factors. It found that a preponderance of the evidence established that Peterson "committed other acts" which justified a sentence above the advisory guidelines. The district court also specifically found that the evidence presented showing that Peterson had committed those other acts was reliable. See United States v. Jones, 444 F.3d 430, 433-34 (5th Cir), cert. denied, 126 S. Ct. 2958 (2006). The district court's consideration of hearsay testimony was permissible. See United States v. Ramirez, 271 F.3d 611, 613 (5th Cir. 2001).

The sentencing judge apparently found that Peterson's testimony was not believable. We defer to the district court's credibility findings made at a sentencing hearing, United States v. Perez, 217 F.3d 323, 331-32 (5th Cir. 2000).

Peterson fails to provide any support for his assertion that the fact that he was 10 years older than the minor in question during their relationship was a mitigating as opposed to an aggravating factor. He also does not explain how the fact that his sexual relationship with the minor may have been legal in the state of Nevada outweighs the myriad other reasons for sentencing him above the advisory guidelines range.

Finally, contrary to Peterson's assertions, the district court did explain why a lesser sentence would not promote the § 3553(a) factors. Moreover, although the district court did not make any specific findings regarding § 3553(a)(6)'s requirement that the district court consider the need to avoid unwarranted sentencing disparities among similar defendants, this fact does not render Peterson's sentence unreasonable. See Smith, 440 F.3d at 707. AFFIRMED.