**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 09-30295
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 11, 2010

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY SLAYDON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-172-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Billy Slaydon pleaded guilty to one count of production of child pornography and to one count of possession of child pornography. Slaydon was sentenced to a 30-year sentence of imprisonment on the production count and to a consecutive 10-year term of imprisonment on the possession count. The district court ordered that Slaydon's federal sentence would run consecutively to any sentence imposed in state court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Slaydon raises a number of procedural challenges to his sentencing. In view of statements made by Victim #1, and evidence presented by Dr. Thomas Griffin regarding the age of Victim #1 in pornographic images, Slaydon has not shown that the district court clearly erred in finding that his offense as to Victim #1 involved a minor who had not attained the age of 12 years. *See United States v. Williams*, 520 F.3d 414, 422 (5th Cir. 2008). To the extent that Slaydon contends that a letter prepared by Dr. Griffin concerning the age of Victim #1 should not have been considered because it was inadmissible and because he had no opportunity to cross examine Dr. Griffin, Slaydon has not shown error. *See United States v. Ramirez*, 271 F.3d 611, 613 (5th Cir. 2001); *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999).

Slaydon contends that the application of a two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A) and a four-level enhancement under § 2G2.1(b)(4) constituted impermissible double counting. In view of the definitions of "sexual act" and "sexual contact" applicable under § 2G2.1(b)(2)(A), we disagree with Slaydon's assertion that where § 2G2.1(b)(2)(A) applies, the enhancement under § 2G2.1(b)(4) must also apply. *See* § 2G2.1, comment (n.2); *United States v. Lyckman*, 235 F.3d 234, 240 (5th Cir. 2000). Further, "[d]ouble counting is prohibited only if the particular guidelines at issue specifically forbid it." *United States v. Hawkins*, 69 F.3d 11, 14 (5th Cir. 1995). Slaydon has not pointed to any guideline provision that forbids application of both a two-level enhancement under § 2G2.1(b)(2)(A) and a four-level enhancement under § 2G2.1(b)(4).

It was not error for the district court to consider conduct charged in a count that was dismissed in determining Slaydon's offense level. *See United States v. Wall*, 180 F.3d 641, 643-45 (5th Cir. 1999); *United States v. Vital*, 68 F.3d 114, 118 (5th Cir. 1995). We likewise find no error in the district court's application of the grouping rules of the Sentencing Guidelines. *See* § 2G2.1, comment (n.5) (stating that "multiple counts involving the exploitation of different minors are not to be grouped together under § 3D1.2 (Groups of Closely

Related Counts).”).  It was not error for the district court to add two levels to the higher offense level applicable to Victim #1 to arrive at a combined offense level of 46.  *See* § 3D1.4(a).  Nor did the district court err in ordering that the 10-year sentence on the possession count would run consecutively to the 30-year sentence on the production count.  *See* § 5G1.2(d).

Slaydon's challenge to the reasonableness of his sentence is unavailing. The district court stated explicitly that it had taken into account the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553 in determining Slaydon's sentence.  The district court also considered the fact that Slaydon was abused as a child, but it determined that his history of being a victim of abuse was overwhelmed by the crimes Slaydon had committed.  The district court adequately explained its reasons for the sentence imposed on Slaydon.  *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The sentence of imprisonment imposed by the district court was within the advisory guideline range and thus enjoys a rebuttable presumption of reasonableness, which Slaydon has failed to overcome.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Finally, Slaydon argues that the district court erred in ordering his federal sentence of imprisonment to run consecutively to any sentence he might receive in state court.  Slaydon's argument is foreclosed by *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds, United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006).  In *Brown*, this court held that a district court may order a federal sentence to run consecutively to a state sentence that has not yet been imposed.  *Brown*, 920 F.2d at 1217.  *Brown* is the law of this circuit and one panel of this court may not overrule the decision of a prior panel in the absence of en banc consideration or a superseding Supreme Court decision.  *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

AFFIRMED.