# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

No. 10-40141
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABEL MARQUEZ-RENDON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-862-2

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Abel Marquez-Rendon (Marquez) pleaded guilty to count 5 of a seven-count indictment charging him with concealing, harboring, and shielding an undocumented alien. Marquez was sentenced at the bottom of the guidelines imprisonment range to a 57-month term of imprisonment and to a three-year period of supervised release. Marquez gave timely notice of his appeal.

Marquez contends that he did not enter a guilty plea to count 5 of the indictment. He contends, in the alternative, that the factual basis for his plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was inadequate. We have reviewed these contentions, which were not raised in the trial court, for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Marquez has not shown that his substantial rights were affected by any error of the magistrate judge during the rearraignment hearing or that the district court plainly erred in accepting his guilty plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004); *see also United States v. Shum*, 496 F.3d 390, 391-92 (5th Cir. 2007).

Marquez contends that his sentence must be vacated in light of *United States v. O'Brien*, 130 S. Ct. 2169 (2010). This error was not raised below and is therefore reviewed for plain error. *See Vonn*, 535 U.S. at 58-59. Marquez's argument is based on an extension of *O'Brien*, and, therefore, cannot involve a clear or obvious error. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).

Marquez argues that the district court erred by increasing his guidelines offense level, under U.S.S.G. § 2L1.1(b), because of a number of various specific offense characteristics. "Although . . . the [Sentencing] Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory guidelines sentencing range for use in deciding on the sentence to impose." *United States v. Rodriguez*, 602 F.3d 346, 362 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Marquez's overriding complaint is that the district court relied improperly on multiple layers of unreliable hearsay evidence in increasing his offense level based on the various offense characteristics. Marquez notes that the presentence report (PSR) was prepared and that a Government witness, Immigration and Customs Enforcement Special Agent John Flores, testified at the sentencing hearing on the basis of the material witness statements and of the statement of Marquez's codefendant, Santiago Cisneros Diaz (Cisneros). Marquez contends in conclusional fashion that the witness statements are

unreliable on their face.  He notes also that the statements were taken in Spanish and were transcribed in English.  If the witnesses could not understand English, he contends, they could not have understood what they were doing when they certified that the representations in the written statements were true and correct.  These contentions are without merit.

Ordinarily, this court reviews a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *Rodriguez*, 602 F.3d at 362.  To the extent that Marquez did not object to the district court's guidelines calculation, review is for plain error.  *See id.*  In his reply brief, Marquez contends that his written objections to the sentencing enhancements and his hearsay objection were sufficient to preserve error.

Marquez did assert a hearsay objection to Flores's testimony, but it was not predicated on the unreliability of the evidence.  Instead, it was based on a denial of his Sixth Amendment right of confrontation.[1]  Marquez did adopt generally the arguments of one of his codefendants, Leonardo Juarez-Torres (Juarez). Although Juarez argued that the evidence considered by the probation officer was  unreliable, his argument differed from the argument asserted by Marquez in this appeal.  Therefore, we have reviewed for plain error the question whether the district court erred in considering unreliable hearsay evidence at sentencing.  *See Rodriguez*, 602 F.3d at 362.

At sentencing, a district court may consider any information, including hearsay, that bears sufficient indicia of reliability to support its probable accuracy, and a defendant's confrontation rights at sentencing are severely restricted.  *United States v. Ramirez*, 271 F.3d 611, 612-13 (5th Cir. 2001). The

---

[1] Marquez invoked *Crawford v. Washington*, 541 U.S. 36, 50-59 (2004)  (holding that the Confrontation Clause prohibits admission of an out-of-court testimonial statement unless the witness is unavailable and the defendant had a prior opportunity for cross examination)).  Because the rule in *Crawford* does not apply in sentencing proceedings, the issue asserted in the district court is foreclosed.  *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006); *see also United States v. Fields*, 483 F.3d 313, 331-32 & n.20 (5th Cir. 2007)).  It is not asserted on appeal.

PSR is considered to be reliable and may be considered by the district court. *Id.* at 613. The defendant bears the burden of proving that the district court should not rely on the PSR. *United States v. Betancourt*, 422 F.3d 240, 248 (5th Cir. 2005). "If no relevant affidavits or other evidence is submitted to rebut the information contained in the PSR, the court is free to adopt its findings without further inquiry or explanation." *United States v. Reasor*, 541 F.3d 366, 369 (5th Cir. 2008). Marquez and his codefendants offered no evidence to rebut the facts in the PSR and made no attempt to demonstrate that those facts were materially untrue or unreliable.

Consequently, those facts were properly considered by the district court in applying the Guidelines. *See Ramirez*, 271 F.3d at 612-13. We note also that the district court properly held Marquez responsible for the reasonably foreseeable acts of Cisneros, Juarez, and others involved in the smuggling and harboring scheme. *See* U.S.S.G. § 1B1.3(a)(1)(B).

For those reasons, the district court did not err in finding that Marquez harbored an unaccompanied minor (§ 2L1.1(b)(4)) or in finding that a dangerous weapon was brandished or otherwise used during the offense (§ 2L1.1(b)(5)(B)). *See United States v. Dunigan*, 555 F.3d 501, 504-07 (5th Cir.) (recognizing that a BB gun is a dangerous weapon that is capable of inflicting serious bodily injury), *cert. denied*, 129 S. Ct. 2450 (2009); *see also* U.S.S.G. § 1B1.1, comment. (n.1(C)) (definition of "brandishment").

Nor did the district court err in applying U.S.S.G. § 2L1.1(b)(6), as Marquez is responsible for the reasonably foreseeable acts of Cisneros in pointing a dangerous weapon at the heads of the undocumented aliens. *See* § 1B1.3(a)(1)(B). We have little difficulty in determining that these actions created a substantial risk of death of serious bodily injury. *See Dunigan*, 555 F.3d at 507. Contrary to Marquez's argument, the guidelines enhancement is not limited to cases involving transportation of undocumented aliens. *See United States v. Solis-Garcia*, 420 F.3d 511, 514; § 2L1.1, comment. (n.5).

4

No. 10-40141

Assuming arguendo that the district court plainly erred by imposing the (b)(6) enhancement based on the same conduct it considered in imposing the (b)(5) enhancement, *see* § 2L1.1, comment. (n.5), a challenge Marquez raises for the first time on appeal, such error did not affect Marquez's substantial rights. *See United States v. Blocker*, 612 F.3d 413, 416-17 (5th Cir. 2010). The record does not reflect that the district court would have given Marquez a lower sentence if it had sentenced Marquez pursuant to the "correct" sentencing range. *See id.*

Likewise, the district court did not err in imposing the two-level increase under § 2L1.1(b)(7)(A) because the undocumented aliens sustained cuts on their knees during the offense. *See United States v. Eubanks*, 593 F.3d 645, 651-52 (7th Cir. 2010). Nor did it err in applying § 2L1.1(b)(8)(A) because the undocumented aliens were forced to pay an additional $500 if they wanted to leave the residence, or they would be returned to Mexico.

Finally, the district court did not err in applying § 2L1.1(b)(2) because the offense involved 12 undocumented aliens. *See Rodriguez*, 602 F.3d at 362. The judgment is **AFFIRMED**.