# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-10570

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TERRENCE FARRIS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-3-1

Before JONES, Chief Judge, HAYNES, Circuit Judge, and CRONE, District Judge.[*]

PER CURIAM:[**]

This appeal is brought by Terrence Farris challenging two aspects of his sentencing: a two-level enhancement for weapons possession in connection with the offense of conviction, U.S.S.G. Section 2D1.1(b)(1); and an upward departure by the district court, based on the inadequacy of his criminal history score, to the

---

[*] District Judge of the United States District Court for the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  10-10570

statutory maximum of 240 months imprisonment.  Finding neither error of fact nor law, nor abuse of discretion, we affirm.

Concerning the firearm issue, which is an aspect of "relevant conduct" for sentencing purposes, this court has held that "sentencing courts may hold a defendant accountable for a co-defendant's reasonably foreseeable possession of a firearm during the commission of a narcotics trafficking offense . . . ." *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990).  The district court found here that an older man stood guard with a firearm in his pocket on 35-40 occasions while a confidential informant purchased cocaine from Farris. Farris offered no evidence to challenge the government's presentation at sentencing.  He now contends that the evidence was too attenuated as to his knowledge of the .38 handgun and was based on inadmissible or constitutionally impermissible evidence.  These arguments are meritless.  First, because the government was only required to show that the older man's possession of the gun was "reasonably foreseeable" to Farris in connection with his drug sales, *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010), the court could have easily inferred as much from the abundant evidence at sentencing.  Second, Farris's objections to the evidence–*Booker*, confrontation, and cross-examination–are foreclosed under Fifth Circuit precedents.  The court properly heard testimony from the case agent concerning the informant's experiences with Farris.  *United States v. Ramirez*, 271 F.3d 611, 612 (5th Cir. 2001) (internal citations omitted).

In a brief argument challenging only the substantive reasonableness of the district court's upward departure, Farris points out that his sentence is about 25% above the upper applicable guideline range (151-188 months) and "seem[s]

No.  10-10570

to be based on only misdemeanor marijuana possessions and consideration of the mere fact of prior arrests."   Contrary to this complaint, the district court's thorough explanation of its reason for departing did not include prior arrests. It did, however, rely on Farris's twenty-year pattern of criminal conduct dating from when he was seventeen, including three felony drug convictions, multiple marijuana misdemeanor convictions, and two drug offenses dismissed after Farris admitted guilt.   Despite this record, the court noted, Farris "kept going." On this basis, the court found that his criminal history for sentencing purposes, which did not count all of these offenses, seriously under-represented the likelihood that he would commit additional crimes.   Although the departure is high in terms of months, it is not extraordinary from a percentage standpoint in our caselaw.  *See*, *e.g.*, *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005); *United States v. Rosogie*, 21 F.3d 632, 633-34 (5th Cir. 1994).  Accordingly, the court's upward departure was reasonable in light of the reasons articulated for it and, therefore, was not an abuse of discretion.   U.S.S.G. § 4A1.3; *United States v. Lambert*, 984 F.2d 658, 664 (5th Cir. 1993) (en banc).

　　For these reasons, the sentence is **AFFIRMED**.