# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-40664
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY LYNN CARRINGTON, SR.,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CR-104-1

————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gary Lynn Carrington, Sr., appeals from the sentence imposed following his guilty plea conviction for being a felon in possession of a firearm. He contests the application of a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Carrington argues that the Government failed to present reliable evidence that he possessed a firearm in connection with another felony offense and that the district court relied upon unsubstantiated hearsay to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

apply the enhancement. He further contends that his rights under the Confrontation Clause were violated because he was not allowed to confront witnesses at sentencing.

The Government moves for summary dismissal on the basis that the appeal is barred by an appeal waiver in Carrington's written plea agreement. However, in the absence of the transcripts necessary for a review of whether the waiver was knowing and voluntary, this court will not consider the issue. *See Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir. 1992) (noting that party raising an issue has duty to provide the record relating to that issue); *United States v. Dunham Concrete Prods., Inc.*, 475 F.2d 1241, 1251 (5th Cir. 1973) (same).

Carrington has not offered any evidence to rebut the factual findings in the presentence report that, during a search of his home, officers found firearms along with drug paraphernalia and drug-manufacturing equipment. The proximity of the firearms to the drug paraphernalia and drug-manufacturing materials makes it plausible for the district court to have found that Carrington possessed the firearms in connection with another felony offense. *See* § 2K2.1(b)(6)(B), cmt. n.14(B)(ii); *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009). Carrington has not shown that, to the extent that the district court relied on hearsay evidence to impose the enhancement, the evidence lacked sufficient indicia of reliability. *See United States v. Ramirez*, 271 F.3d 611, 612-13 (5th Cir. 2001). His claim that he was denied the right to confront witnesses at sentencing is foreclosed. *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006). Thus, Carrington has not shown that the district court clearly erred in assessing a four-level increase pursuant to § 2K2.1(b)(6)(B). *See United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1845 (2013).

No. 13-40664

The district court's judgment is AFFIRMED. The Government's motion for summary dismissal of the appeal or, in the alternative, an extension of time to file an appellate brief is DENIED.

Because Carrington's counsel, Thomas J. Burbank, raised the instant sentencing issue without mentioning the existence of the appeal waiver and did not file a reply brief to address the Government's arguments regarding the implications of the waiver for the instant appeal, counsel is WARNED that such conduct constitutes a waste of judicial resources and will invite sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999). To be fair, the government's failure to present a record sufficient to support the argument that the waiver applied also altered the otherwise applicable review standards. The Government is WARNED to support its arguments.