# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10411
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN EDWARD RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-186-1

Before STEWART, Chief Judge, and CLEMENT and PRADO, Circuit Judges.
PER CURIAM:*

John Edward Rios appeals the 188-month within-guidelines sentence imposed following entry of his guilty plea to conspiracy to distribute methamphetamine. We affirm.

According to Rios, he should not have received the enhancement for career offender status. He challenges the use of two burglary convictions, asserting that the sentences for the convictions would have been discharged

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

earlier had the sentences not run concurrently with sentences for theft convictions.

We review sentences for reasonableness in light of the 18 U.S.C. § 3553 factors; we examine first whether the district court committed significant procedural error and next whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). If there is procedural error, remand is required unless the error was harmless. *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009). Procedural error in sentencing is harmless if it "did not affect the district court's selection of the sentence imposed." *Id.* at 753. (internal quotations marks and citations omitted). Even in the case where the district court did not consider the correct range, any error in calculating the guidelines range may be deemed harmless if the Government convincingly demonstrates that the court would have imposed "the same sentence . . . for the same reasons." *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (internal quotation marks and citation omitted); *see United States v. Richardson*, 713 F.3d 232, 237 (5th Cir.) ("any error in calculating the total offense level was harmless, given the district court's clear statements that it would have imposed the same sentence regardless of the correctness in the calculation"), *cert. denied*, 134 S. Ct. 230 (2013).

The district court made clear "that it would have imposed the same sentence regardless of the correctness in the [guidelines] calculation," and consequently any calculation error in selecting the sentence was harmless. *Richardson*, 713 F.3d at 237. Although the court did not state its reasoning at sentencing, it made itself clear on this issue in its statement of reasons, which allows for adequate appellate review. *See United States v. Gore*, 298 F.3d 322, 325-26 (5th Cir. 2002).

No. 14-10411

We reject Rios's claim that his sentence is substantively unreasonable because the district court failed to provide specific reasons for rejecting the parties' agreement that the Government would not oppose an offense-level reduction in anticipation of a proposed amendment of the drug quantity table in U.S.S.G. § 2D1.1.  Rios cites no authority for his implicit proposition that a court must give specific reasons for rejecting an agreement between the parties concerning sentencing that is not part of a plea agreement.  Moreover, the district court in fact explained adequately why it rejected the agreement, noting that the suggested sentence reduction should not be considered at initial sentencing.  *See* 18 U.S.C. § 3582(c).

Rios's sentence is within the properly calculated guidelines range and is therefore entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007).  Rios offers insufficient bases for forgoing application of that presumption and supplanting the sentence selected by the district court. *See Gall*, 552 U.S. at 51; *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.