# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10214
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDDY GARCIA, also known as Fat Freddy,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-208

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Freddy Garcia pleaded guilty to trafficking in methamphetamine, and the court sentenced him to 360 months in prison, at the bottom of the advisory guideline range as recounted in the presentence report (PSR). On appeal, he contends that the base offense level was incorrect because it was based on unreliable evidence of drug quantity. He also challenges two-level increases based on his making a credible threat of violence at the time of his arrest,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maintaining a premises for drug distribution, and trafficking in methamphetamine that had been imported from Mexico.

We review the district court's factual findings for clear error and affirm them if they are plausible in light of the record as a whole. *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). The facts need only be proved by a preponderance of the evidence, and the district court was entitled to rely on the PSR, which "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *Id.* (internal quotation marks and citation omitted). The district court was not restricted to information that would be admissible at trial and could properly consider hearsay evidence. *United States v. Ramirez*, 271 F.3d 611, 613 (5th Cir. 2001). Garcia had the burden of showing that the information in the PSR was materially untrue. *Trujillo*, 502 F.3d at 357. Conclusional contentions are not sufficient to rebut the PSR. *See United States v. Londono*, 285 F.3d 348, 355 (5th Cir. 2002).

Garcia's challenges to drug quantity, maintaining a drug-distribution premises, and importation were based on his conclusional assertions that the sources cited in the PSR were unreliable or hearsay. Garcia fails to show that those findings were implausible. *See Trujillo*, 502 F.3d at 357; *Londono*, 285 F.3d at 355; *Ramirez*, 271 F.3d at 613. Because the PSR was not based solely on "a recitation of the conclusions of the [police] and the prosecutor," this is not a case where bald and conclusional statements were deemed reliable simply because they were repeated in the PSR. *Cf. United States v. Elwood*, 999 F.2d 814, 817-18 (5th Cir. 1993) ("Bald, conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR."). Although Garcia argues that the PSR relied predominantly on unsubstantiated statements of unidentified sources, the PSR also relied on Garcia's drug sales to undercover

law enforcement officers, recorded telephone calls with confidential sources, laboratory analysis, and physical evidence discovered through the execution of a search warrant, all of which corroborate the unidentified sources' statements.

As for the enhancement for a threat of force during Garcia's arrest, the arrest was recorded on video which corroborated the arresting officer's account of the fact of a threat.  Further, Garcia's contention that the increase may not be based on a threat made during the arrest is reviewed for plain error because he did not raise it in the district court.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To show plain error, Garcia was required to show, at minimum, a forfeited legal error that was "clear or obvious, rather than subject to reasonable dispute."  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Garcia has pointed to no authority establishing beyond reasonable dispute that threats during an arrest may not be used to support the enhancement.  Garcia fails to show any clear or plain error in the guideline calculations.

Moreover, even if we assume that there was some miscalculation of the advisory guideline range, any error was harmless if it did not affect the district court's determination of the sentence.  *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).  To show harmless error, the Government must demonstrate "(1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing."  *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).  Because the district court stated in its Statement of Reasons that "[e]ven if the guidelines calculations are not correct, this is the sentence the Court would otherwise impose under 18 U.S.C. § 3553," the Government has made the required showing.  *See United States v.*

No. 15-10214

*Richardson*, 713 F.3d 232, 237 (5th Cir. 2013); *United States v. Rios*, 584 F. App'x 275, 276 (5th Cir. 2014).

The judgment is AFFIRMED.