# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10323
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL LOYOLA, JR.,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-356-1

————————————————————

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Daniel Loyola, Jr., challenges his guilty-plea conviction and 120-months' sentence for possession of a machinegun, in violation of 18 U.S.C. §§ 922(o) ("[I]t shall be unlawful for any person to transfer or possess a machinegun".), 924(a)(2) (outlining penalties).

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10323

Loyola first asserts § 922(o) is unconstitutional because machineguns are protected by the Second Amendment's plain text, and § 922(o) conflicts with our Country's historical tradition of firearm regulation. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022) (announcing new rule for assessing whether regulation infringes Second Amendment).

Loyola (as he concedes) did not preserve his constitutional claim in district court. Because he failed to do so, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Loyola must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

In *Hollis v. Lynch*, our court concluded that machineguns are not protected by the Second Amendment. 827 F.3d 436, 447–51 (5th Cir. 2016). Loyola asserts *Bruen*'s new analysis mandates a different outcome. On plain-error review, "[Loyola] need not show that [his] specific challenge has been addressed in a prior decision, []he must at least show error in the straightforward applications of existing cases". *United States v. Sanches*, 86 F.4th 680, 688 (5th Cir. 2023) (citation omitted). He does neither. Accordingly, he fails to show the requisite clear-or-obvious error. *See, e.g.*, *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023) ("Arguments that require the extension of existing precedent cannot meet the plain error standard.").

Second, Loyola contends the court erred by applying the enhancement under Sentencing Guideline § 2K2.1(b)(5) (2021) (trafficking firearms) because the commentary requires that he knew, or had reason to

know, two or more of the firearms he transferred would be used unlawfully. *See* U.S.S.G. § 2K2.1 cmt. n.13 (2021). He asserts: the court's interpretation of the Guideline commentary conflicts with the plain language of the Guideline; and the court clearly erred in its finding Loyola knew or had reason to know a second firearm he transferred would be used unlawfully. *See id.*

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). We turn to the factual finding first.

The court's factual finding is supported by: Loyola's admitting he attempted to purchase the machinegun for transfer to someone he knew was affiliated with a Mexican narcotics cartel; the nature of his dealings with that person; and the number of other weapons he purchased for that person. *See United States v. Juarez*, 626 F.3d 246, 252 (5th Cir. 2010) ("There is considerable evidence from which the district court could infer that [defendant] knew or had reason to believe that [defendant's] conduct would result in the transport, transfer, or disposal of a firearm to an individual who intended to use or dispose of the firearm unlawfully."). Accordingly, Loyola fails to show the requisite clear error. *E.g.*, *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) ("We will uphold a district court's factual finding on clear error review so long as the enhancement is plausible in light of the record as a whole.").

No. 23-10323

We need not address Loyola's Guideline-application contention because, even under his proposed interpretation of the relevant Guideline language, the court's finding he engaged in trafficking multiple firearms was plausible in the light of the whole record and, therefore, the court did not err in applying the four-level enhancement pursuant to Guideline § 2K2.1(b)(5) (2021).

In any event, any error regarding this issue was harmless in the light of the court's Statement of Reasons showing its intent to impose the same sentence irrespective of any calculation error. *See, e.g.*, *United States v. Garcia*, 647 F. App'x 408, 410 (5th Cir. 2016) ("Because the district court stated in its Statement of Reasons that '[e]ven if the guidelines calculations are not correct, this is the sentence the Court would otherwise impose under 18 U.S.C. § 3553,' the Government has made the required showing." (alteration in original) (citation omitted)).

AFFIRMED.