# United States Court of Appeals for the Fifth Circuit

———————

No. 25-10319
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Freddrick Reed,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-259-1

———————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Freddrick Reed pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to 150 months of imprisonment and three years of supervised release. Reed challenges both the procedural and substantive reasonableness of his sentence.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10319

First, Reed argues the district court procedurally erred in applying the U.S.S.G. § 2K2.1(a)(3) base offense level because Texas robbery is not a crime of violence as defined under U.S.S.G. § 4B1.2(a). As to the force clause of § 4B1.2(a)(1), Reed asserts that Texas robbery does not qualify as a crime of violence because it can be committed recklessly. Regarding the enumerated-offense clause of § 4B1.2(a)(2), Reed urges that Texas robbery is broader than the Guidelines definition of robbery because the state offense may be committed recklessly and because the state statute allows for a conviction if the threats or force occurs at any point during commission of the theft. However, any error by the district court in application of the base offense level was harmless because the district court stated that its decision was based on factors independent from the Guidelines range, including its consideration of the 18 U.S.C. § 3553(a) sentencing factors. And the district court indicated in its statement of reasons that it would have imposed the same sentence regardless of the Guidelines sentencing range. *See United States v. Alfaro*, 30 F.4th 514, 520 (5th Cir. 2022); *United States v. Garcia*, 647 F. App'x 408, 410 (5th Cir. 2016).

Second, Reed contends the district court imposed a substantively unreasonable sentence because the court failed to account for an aspect of Texas criminal procedure, specifically that different Texas courts handle felony and misdemeanor offenses, which allowed for the assessment of criminal history points for two convictions involving conduct that occurred on the same day. However, his disagreement with the propriety of the sentenced imposed and with the district court's weighing of the sentencing factors is insufficient to rebut the presumption of reasonableness afforded to within-Guidelines sentences. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To the extent Reed's argument amounts to a policy disagreement with the Guidelines, the district court did not err by declining

No. 25-10319

to consider to it.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.