# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2012

Lyle W. Cayce
Clerk

No. 11-10620
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ZUNIGA-ALCALA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:10-CR-294-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Zuniga-Alcala appeals the 78-month sentence imposed following his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty-plea conviction of illegal reentry following deportation. He contends that the within-guidelines sentence is substantively unreasonable because the district court failed to account properly for the circumstances of the offense. Zuniga-Alcala argues that the district court undervalued his justification for returning to the United States (i.e., to locate his daughter) and that his motive should have warranted greater leniency.

Because Zuniga-Alcala failed to object in the district court to the reasonableness of his sentence, review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish that, Zuniga-Alcala must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record demonstrates that the district court made an individualized sentencing decision based on the facts and in light of the factors in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court specifically considered Zuniga-Alcala's argument that his reason for reentering the country justified a below-guidelines sentence. The court found that the circumstances warranted leniency, by not imposing an above-guidelines sentence, but the court concluded that a sentence within the guideline range was proper. Zuniga-Alcala's argument amounts to a request to have us reweigh the § 3553(a) factors, but "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Further, the sentence is presumed reasonable, because it was within the applicable guideline range. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Zuniga-Alcala's disagreement does not suffice to rebut the presump-

tion of reasonableness that attaches to a within-guidelines sentence. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Accordingly, Zuniga-Alcala has not shown that his sentence was substantively unreasonable.

Zuniga-Alcala also argues that the court erred by ordering that his sentence run consecutively with any sentence that he would later receive on his pending state-court charges, because 18 U.S.C. § 3584 does not permit a court to order a federal sentence to run consecutively to a yet-to-be-imposed state sentence. As Zuniga-Alcala concedes, his argument is foreclosed by *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006), in which we held that a court may order a term of imprisonment to run consecutively to a yet-to-be-imposed state sentence. Despite Zuniga-Alcala's arguments that *Brown* was incorrectly decided, it remains the law of this circuit, as we held in *United States v. Setser*, 607 F.3d 128, 131-32 (5th Cir. 2010), *petition for cert. granted*, 131 S. Ct. 2988 (2011). We are bound to follow precedent even where certiorari has been granted. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).

The government has moved for summary affirmance, arguing that Zuniga-Alcala's arguments are foreclosed. In the alternative, the government seeks an extension of time to file an appellate brief. Although Zuniga-Alcala's argument that the district court improperly ordered his sentence to run consecutively to yet-to-be imposed state sentences is foreclosed, his challenge to the substantive reasonableness of his sentence, though ultimately without merit, is not. Thus, the motion for summary affirmance is denied. Because we see no need for further briefing, the government's alternative motion for an extension of time to file an appellate brief is denied as unnecessary.

The judgment is AFFIRMED.