# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2010

Lyle W. Cayce
Clerk

No. 09-30918
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MERLIN DESPEAUX,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-141-3

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Merlin Despeaux appeals from the 262-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

Despeaux argues that he did not knowingly and voluntarily waive his right to appeal his sentence and thus the district court erred in denying his motion to withdraw the appeal waiver. If allowed to proceed with his appeal, he argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court abused its discretion in denying his motion for a downward departure or variance. The Government counters that Despeaux's challenge to his sentence is barred by the waiver provision contained in his plea agreement providing, inter alia, that Despeaux waives his right to directly appeal his sentence unless it exceeds the statutory maximum. We pretermit discussion of the waiver issue, which does not affect our jurisdiction, because Despeaux is not entitled to relief on the merits. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

We are without jurisdiction to consider Despeaux's argument that the district court erred in denying his motion for a downward departure as there is no indication in the record that the district court was under the mistaken impression that it could not depart. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). Nevertheless, we have jurisdiction to review the district court's decision to impose a sentence within the guidelines range. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A sentence imposed within a properly-calculated guidelines range is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court imposed a sentence at the bottom of the properly-calculated guidelines range after considering the 18 U.S.C. § 3553(a) factors. Despeaux has failed to show that the sentence is unreasonable. The sentence is AFFIRMED.