**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 13, 2012

Lyle W. Cayce
Clerk

No. 11-10274
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LESTER HENDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-206-7

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lester Henderson appeals following his guilty plea conviction for distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Henderson waived his right to appeal his conviction and sentence except that he reserved the right to appeal a sentence exceeding the statutory maximum punishment, an arithmetic error at sentencing, and the voluntariness of his guilty plea or waiver. He was sentenced to 135 months of imprisonment to run consecutively to two yet-to-be imposed state sentences and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10274

four years of supervised release. Henderson argues that the district court erred by ordering his sentence to run consecutively to yet-to-be-determined state sentences and that his sentence was substantively unreasonable.

Henderson's argument that a federal court lacks authority to order a sentence to run consecutively to a yet-to-be-determined state sentence is foreclosed by our precedent. *See United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). The Supreme Court recently confirmed the correctness of our precedent by holding that a district court has the authority to impose such consecutive sentences. *Setser v. United States*, 132 S. Ct. 1463, 1466-73 (2012). Because Henderson's challenge to the consecutive sentencing order is foreclosed, we pretermit whether Henderson's appeal of this issue is barred by his appeal waiver. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006); *United States v. Despeaux*, 384 F. App'x 369, 369 (5th Cir. 2010).

Henderson also contends that the sentence was substantively unreasonable. This challenge to his sentence does not fall within an exception to his appeal waiver. A review of the record indicates that Henderson knowingly and voluntarily waived his right to appeal because he indicated that he had reviewed and understood the appeal waiver. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Therefore, the appeal waiver bars consideration of this issue.

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's motions for dismissal of the appeal and an extension of time to file a brief and Henderson's incorporated motion for holding the case in abeyance are DENIED as unnecessary.