# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10387
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DEWAYNE BOTTOMS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-147-2

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Dewayne Bottoms pleaded guilty to production and use of a counterfeit access device in violation of 18 U.S.C. § 1029, and he was sentenced above the advisory guideline range to 72 months of imprisonment, with credit for 3 months and 19 days for time already served in state custody on a related case from Erath County, Texas, pursuant to U.S.S.G. § 5G1.3(b), for an actual total of 68 months and 11 days. He appeals his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10387

Bottoms argues that the district court erred in upwardly departing from the advisory guideline range of 41 to 51 months pursuant to U.S.S.G. § 4A1.3. He does not address the district court's separate holding that it would award the same sentence as a variance. *See United States v. Jacobs*, 635 F.3d 778, (5th Cir. 2011)(upward variance is not the same thing as an upward departure). We pretermit the question of whether he therefore has abandoned his challenge to the sentence for failing to brief this ground because we conclude that his challenge to the sentence as an upward departure fails on the merits. *See United States v. Despeaux*, 384 F. App'x 369 (5th Cir. 2010)(pretermitting consideration of appellate waiver to address merits); *see also United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010)(holding that failure to adequately brief an issue waives it but addressing the merits alternatively). He contends that the district court failed to adequately substantiate and explain its reasons for such an extensive departure, and that the sentence was both procedurally and substantively unreasonable.

Because Bottoms did not challenge in the district court the procedural unreasonableness of his sentence, appellate review of that issue is for plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008). Likewise, his lack of objection to the substantive reasonableness of his sentence calls for the application of the plain error standard of review. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92, 394 (5th Cir. 2007).

The district court provided sufficient reasons for its decision to depart from the Guidelines, stating that a guideline departure under § 4A1.3 was appropriate because Bottoms's criminal history category substantially underrepresented the seriousness of his criminal history or the likelihood that he would commit other crimes, based on his repeated acts of drug possession,

theft, fraud, and evading arrest.  The district court also concluded that a sentence of 72 months was necessary and appropriate to address the sentencing factors in 18 U.S.C. § 3553(a), including Bottoms's history and characteristics, the need for deterrence, to protect the public, the need for the sentence to promote respect for the law, and to provide just punishment.  The district court noted Bottoms's extensive criminal history, which gave him nearly twice the points needed to place him in category VI.  Bottoms has not shown that the district court committed any procedural error, plain or otherwise, in imposing his sentence.  *See Lopez-Velasquez*, 526 F.3d at 807-08.

Substantively, § 4A1.3(a) expressly authorizes an upward departure based on a finding by the district court that a defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal past or the likelihood that he will commit other crimes.  *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006).  The district court expressly made that finding, noting Bottoms's repeated acts of drug possession, theft, fraud, and evading arrest, which gave him nearly twice the amount of points necessary to place him in category VI.  Bottoms makes no argument that these reasons were legally unacceptable, did not advance the objectives of § 3553(a), or were not justified by the facts of the case.  *See Zuniga-Peralta*, 442 F.3d at 347-48.

Regarding the extent of the departure, the district court departed upward 21 months, from the top of the advisory range, 51 months, to 72 months, not "almost double" as claimed by Bottoms.  The record supports the district court's imposition of a 72-month term of imprisonment, well under the statutory maximum of 120 months.  *See Zuniga-Peralta*, 442 F.3d at 347-48 (upholding an upward departure from a range of 27-33 months of

No. 14-10387

imprisonment to a sentence of 60 months).  Bottoms has not shown plain error.  *See Peltier*, 505 F.3d at 391-92.

Bottoms argues that the district court erred by not giving him sufficient credit for serving a state sentence that was relevant conduct under U.S.S.G. § 5G1.3(b).  He contends that he was arrested on the Erath County case on August 8, 2012, and was continuously in custody until he was taken into federal custody on November 13, 2013, making the correct amount of credit 15 months and 8 days.  The district court found that there was nothing in the record to support Bottoms's claim that he was in state custody on the relevant offense described in paragraph 59 of the Presentence report (PSR) as of August 8, 2012.  To the contrary, the PSR showed that he was in custody on a separate state theft offense as of August 13, 2012.  Bottoms does not cite to any evidence in the record to support his bare assertion regarding the credit due for his state custody.  The district court did not clearly err in calculating the amount of credit under § 5G1.3(b).  *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

In a separately filed motion and memorandum in support, Bottoms seeks to dismiss his current appointed counsel and to have new appointed counsel substituted.  He also requests permission to file his own brief to supplement the arguments of his appointed counsel.  He contends that his appointed counsel, John W. Stickels, who also represented him in the district court, provided ineffective assistance of counsel in the district court and on appeal.  He asserts that there has been a total breakdown of communication between him and his attorney.

The motion is DENIED.  Bottoms has no constitutional right to hybrid representation on appeal.  *See United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999).  His request to substitute appointed counsel was untimely

4

No. 14-10387

filed after his counsel and the Government filed their briefs on the merits. *See United States v. Wagner,* 158 F.3d 901, 902-03 (5th Cir. 1998). Further, Bottoms has not shown that substitute counsel is required by a conflict of interest or other most pressing circumstance or would be in the interest of justice. *See* FIFTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT, § 5(B); 18 U.S.C. § 3006A. We generally do not review claims of ineffective assistance of counsel on direct appeal. *United States v. Isgar,* 739 F.3d 829, 841 (5th Cir.), *cert. denied,* 135 S. Ct. 123 (2014).[1]

AFFIRMED; MOTION DENIED.

---

[1] Bottoms's contention that he was not allowed to address the district court concerning his sentence is belied by the record.